## THE PEOPLE, ex rel. A. C. SPRINGER, v. JOHN A. LYTLE.

STATUTES—REPEAL.—A general statute without negative words will not repeal the particular provisions of a former one, unless the two acts are irreconcilably inconsistent.

IDEM.—A statute clearly repugnant to a prior one necessarily repeals the former, although it does not do so in terms.

IDEM.—Though a subsequent statute be not repugnant in all its provisions to the prior one, yet if the latter was clearly intended to provide the only rule that should govern in the case provided for, it repeals the original act.

IDEM.—The act of January 7, 1867, creating the office of tax collector for the county of Owyhee, is repealed by the act passed at the same session, January 11, amending the revenue law.

ADJOURNED into this court from the third judicial district, Owyhee county. An information in the nature of a *quo warranto* on the relation of the sheriff of Owyhee county against the defendant, Lytle, for usurpation of the office of

tax collector of that county. At the June term, 1867, of the district court for that county, the parties by stipulation submitted certain issues in controversy, which were certified into this court by the presiding judge, for decision. The following are the material portions of said stipulation:

1. That heretofore and on the eighteenth day of February, 1867, said relator, Amos C. Springer, was appointed tax collector of said county by the governor of said territory.

2. That the said relator, A. C. Springer, was, at the last general election in said Idaho territory, duly and lawfully elected to the office of sheriff of said county of Owyhee, and *ex officio* tax collector thereof, for the term of two years from the first Monday of January, 1867; and that he has in every manner and respect qualified as such sheriff as required by law, and has ever since the day aforesaid been *de facto* and *de jure* the sheriff of said county, and has tendered to the proper officers his official bond in manner required by law, and has at all times been ready to perform the duties of tax collector of said county of Owyhee *ex officio* as such sheriff.

3. That on the twenty-third day of February, 1867, in pursuance of an act of the legislature of said territory, entitled "An act to create the office of tax collector for the collection of revenue in and for the county of Owyhee," passed January 7, 1867, said defendant was appointed by the board of county commissioners of said county tax collector, and on the first day of March duly qualified as such and entered upon the duties of said office.

The questions submitted are as follows: 1. Is the defendant, John A. Lytle, entitled to said office of tax collector of said county of Owyhee? or, 2. Is said relator, Springer, entitled to said office of tax collector and to exercise the duties thereof? The other facts appear in the opinion of the court.

*E. J. Curtis, district attorney, L. P. Higbee, and McQuade & McQuade,* for the relator:

The act creating the office of tax collector for Owyhee county, passed January 7, 1867, was repealed by act of

January 11, 1867. (4 Ses. L. 43, 116.) The effect of the passage of a subsequent act is to repeal all former acts as far as they conflict. (*Dobbins* v. *Sups. Yuba Co.*, 5 Cal. 415; *People* v. *Cranch*, 10 Id. 316; *Scofield* v. *White*, 7 Id. 401; *Crosby* v. *Patch*, 18 Id. 441, 442; *People* v. *Grippen*, 20 Id. 678.) By act of January 11 (4 Ses. L. 43), the law was restored as it existed prior to the passage of the act of January 7. (4 Ses. L. 116.)

*Martin & Johnson and Ganahl & Huggan*, for defendant: The office of sheriff and that of tax collector are public offices. (*People* v. *Edwards*, 9 Cal. 292.) In this country the incumbent has no property in his office; and when the relator accepted the office of sheriff there was no "principle known or recognized under our institutions and laws upon which he can claim to restrict the power of the legislature over the duties and fees of the office." (*Conner* v. *The Mayor and Council of N. Y.*, 5 N. Y. 300; *Warner* v. *The People*, 7 Hill, 81; 2 Denio, 272.) The acceptance of a public office does not create a contract respecting property. (5 N. Y. 295, 296, 299.) The act to create the office of tax collector for the county of Owyhee is a special act, and relates only to that particular office; and the object of this act is in no way affected by the general revenue act of the territory, or its amendments. The office of tax collector of Owyhee county was the sole object of the former act, while the whole subject of territorial and county revenue is embraced in the latter; and as to its single object the former must control. (*Dobbins* v. *Yuba County*, 5 Cal. 414; *People* v. *Wells*, 11 Id. 338, 339; Sedg. on Stat. and Const. L. 247, citing language of Lord Mansfield; Id. 123, 124.) The law does not favor repeals by implication. (*Scofield* v. *White*, 7 Cal. 401.)

CUMMINS, J., delivered the opinion of the court, MC-BRIDE, C. J., concurring.

On January 7, 1867, the legislative assembly passed a bill, notwithstanding the governor's objections to the same, creating the office of tax collector for the county of Owyhee.

Prior to that time, the sheriffs in their respective counties, except in that of Boise, were *ex officio* tax collectors. The act above referred to was designed to take away these duties and erect them into a separate office. On the eleventh of the same month the revenue act was passed, in which the following provision is found, at the end of section 6: "*Provided, further*, That in all other cases of the collection of taxes the sheriff of the county shall be collector of all taxes except in the county of Boise, in which county the assessor shall be collector of all poll taxes, *per capita* and hospital taxes, and all taxes upon real and personal property." By the provisions of this section the assessor is the collector of all poll, *per capita*, and hospital taxes, and of personal property taxes in certain specified cases until the completion and return of his assessment, and in "all other cases" it is made the duty of the sheriff to perform this service, except in the single county of Boise. The first clause of section 27 of this act reads, that "all acts and parts of acts inconsistent herewith are hereby repealed." It will be observed that this act was passed four days after the passage of the act creating the office of tax collector for the county of Owyhee.

The first question presented by the record for determination to which our attention has been directed is, Do these provisions of the revenue act, which are above quoted, repeal the tax collector's act for Owyhee county? It is urged by the defendant that as the latter act refers to a single subject and is special in its nature, therefore the provisions of a general law, such as the revenue act, do not necessarily repeal it; that the two acts may stand together, and effect and force be given to both according to their spirit and intention. The abstract rule contended for by the defendant's counsel is well stated by Mr. Sedgwick, in his treatise on statutory and constitutional law. On page 123 he says: "In regard to the mode in which laws may be repealed by subsequent legislation, it is laid down as a rule, that a general statute without negative words will not repeal the particular provisions of a former one, unless the two acts are irreconcilably inconsistent." In fact, the coun-

sel for defendant referred to this authority to sustain their position.

While in its main features the revenue act is general, yet section 27 of the old act, as amended by the sixth section of the act of the last session, is quite as special in its provisions as is the tax collector's act, and both referring to the same subject, to wit, the proper officers for collecting the several classes of taxes levied in each county, excepting that the one is to have no effect beyond a single county.

In order to give effect to the act, the benefits of which are claimed by the defendant, it would not only be necessary for us to engraft a second exception upon section 6 of the revenue act of January 11, 1867, which, by express terms, excepts Boise county alone, but it would be necessary to entirely disregard the negative words of the twenty-seventh section, a proposition repugnant to every sound rule recognized in the construction of statutes. It is well settled that a subsequent statute, which is clearly repugnant to a prior one, necessarily repeals the former, although it may not do so in terms, and even if the subsequent statute be not repugnant in all its provisions to the prior one, yet if the latter statute was clearly intended to provide the only rule that should govern in the case provided for, it repeals the previous act. (*Vide* Sedg. on Stat. and Const. L. 124.) It has been repeatedly held that every statute is by implication a repeal of all prior statutes so far as it is contrary and repugnant thereto, and that without any repealing cause. (Id. 125.)

In the case we are considering, these two acts are manifestly repugnant and irreconcilable. The one declares that the sheriff in all the counties, excepting one county only, shall collect all the taxes not collected by the assessor; and further declares that all acts and parts of acts which are inconsistent herewith are absolutely repealed; while the other act, of a prior date, declares that in Owyhee county, which is not the excepted county, the sheriff shall not collect these taxes. Can it be said, then, with any degree of candor, that these two acts are not repugnant in

this respect ?   If they are irreconcilably in conflict, as they most certainly are, then the rule universally recognized in cases of this character must prevail, that the last act in point of time must be held to repeal those of a prior date.

This case is not at all analogous to the examples or illustrations given, in reference to the rule we are discussing, by the authority above referred to, as, for instance, the case where, by an act of parliament, individuals were authorized to inclose and embank portions of the soil under the river Thames, and declared that such land should be "free from all taxes and assessments whatever."   By the land tax act subsequently passed, it was provided in general terms that all the lands in the kingdom were subject to taxation; yet it was held that this latter act did not repeal the former, it being special in its character, while the latter, being general, necessarily included the exception created by the other. While this is a sound rule of interpretation, yet it in no way meets the case at bar, for in this case, as already observed, not only are the provisions of the two acts relating to the subject as to who shall collect the taxes inconsistent, the one requiring the sheriff in certain cases to perform the duty, and the other requiring a different officer altogether; but one expressly declares that all provision of law now existing repugnant to or inconsistent with the terms of this act are repealed, providing at the same time, as stated, that the sheriffs in nearly all the counties, including Owyhee, shall collect the taxes.

We, therefore, can give no other interpretation to the sixth and twenty-seventh sections of the revenue act of January 11, 1867, than that they repeal the act of the seventh of the same month, creating the office of tax collector for Owyhee county, and there is, of course, now no such office in that county, except as provided for in the former act. And hence we are of opinion that the relator is entitled to exercise the powers, perform the duties, and receive the emoluments of the office of tax collector by virtue of his election as sheriff, on qualifying as required by law.

As this is sufficient upon which to dispose of this case in this court, we decline going into the remaining question,

that of the appointing power, raised by the submission. As the two questions submitted in this controversy, under the tax collector's act, are decided in the negative, judgment will be that each party pay his own costs, as per stipulation.

Judgment accordingly.