(December 17, 1910.)

# NORTHERN PACIFIC RAILWAY CO., Appellant, v. COUNTY OF KOOTENAI et al., Respondents.

[112 Pac. 320.]

REVENUE—ASSESSMENT—RAILROAD PROPERTY—RAILROAD TRACK—SECOND TRACK—JURISDICTION OF STATE BOARD OF EQUALIZATION.

(Syllabus by the court.)

1. Under the provisions of secs. 1710 to 1715, inclusively, of the Rev. Codes of this state, it is provided that all railroad property used in connection with maintaining and operating a main track or main line of railroad, including the right of way, stations and superstructures upon the right of way, sidetracks, switches, turnouts, "second tracks," "rolling stock" and franchises, within the state, shall be estimated and valued together as a whole for the full length of the line within the state, and that the total valuation so ascertained shall be divided by the total number of miles of "main track" or "main line" in ascertaining a uniform valuation per mile for the full length of such main line or main track within the state and in each county, city, incorporated town or assessment district, and that each mile thereof shall bear the same valuation as every other mile of such "main line" or "main track."

2. The state board of equalization in valuing and assessing railroad property under the provisions of the statute of this state (secs. 1710–1715, inclusive, Rev. Codes) are authorized, directed and required to value and assess "main line or main track," and to cause such valuation and assessment to be certified to the auditors of the several counties, and they have no power or authority to separately value and assess "second track" as a separate and independent railroad property or to certify such an assessment.

3. Where it appears that the state board by error or mistake have failed to include an item of railroad property designated as 5.67 miles of "second track" within the total valuation of the property of such company for the purpose of ascertaining the valuation per mile to be placed on the main track of such road, but, on the contrary, have certified the same down as an independent assessment, and the railroad company seeks to remove the cloud of such invalid assessment from its property and to enjoin and restrain the taxing officers from collecting such tax or holding a lien therefor against the property, and it appears that the company has not in fact paid

its proportionate part of taxes for the year upon such piece or parcel of property, it will be required to do equity before it can take a decree clearing its title, and must accordingly pay to the county the proportionate share of taxes on the specific piece of property to which the county would have been entitled by reason of the total mileage or main line of road within its borders had the state board of equalization complied with the statute in including the valuation of such property within the total valuation of the railroad company's property.

APPEAL from the District Court of the Eighth Judicial District, in and for the County of Kootenai.  Hon. Robert N. Dunn, Judge.

Action by the plaintiff to quiet its title and remove a cloud from its property and enjoin and restrain taxing officers from collecting a tax or holding the same as a lien against plaintiff's property.  Judgment for the defendant, and plaintiff appealed.  *Reversed.*

Edward J. Cannon, James E. Babb and R. L. Black, for Appellant.

The state board of equalization has no power to assess for taxation the 5.67 miles of "second track" in question, and the certification of that assessment to Kootenai county and the tax levied upon the rolls of that county for 1909 was a nullity.  (*State ex rel. Morton v. Back,* 72 Neb. 402, 100 N. W. 952, 69 L. R. A. 447; *Railway Co. v. Wright,* 151 U. S. 470, 14 Sup. Ct. 396, 38 L. ed. 238; *Sanford v. Poe,* 165 U. S. 194, 17 Sup. Ct. 305, 41 L. ed. 683; *Adams Exp. Co. v. Ohio State Auditor,* 166 U. S. 185, 17 Sup. Ct. 604, 41 L. ed. 965.)

The sidetracks and switch track off the main right of way are wholly useless when disassociated from the main lines. They are indissolubly connected with the main line and one cannot be operated without the other.  They are a unit in value and operation.  (*Nashville, C. & St. L. Ry. Co. v. Patterson* (Tenn.), 122 S. W. 473.)

The state board is a mere creature of the statute, possessing only statutory powers and a limited jurisdiction. It has no jurisdiction to assess any property of a railroad company, save as the statute confers that right upon it, and it can assess only such property of railroad companies as the statute provides those companies shall make return of to the auditor. (Cooley on Taxation, 3d ed., p. 787, note 3; *Nashville & D. R. Co. v. State,* 129 Ala. 142, 30 So. 619.)

The state cannot maintain an action against an owner for taxes until a valid assessment has been made against the property. (*Clegg v. State,* 42 Tex. 610; *Flanagan v. Dunne,* 105 Fed. 828, 45 C. C. A. 81; Gray, Limitations of Taxing Power and Public Indebtedness, pp. 625, 626.)

Appellant, prior to commencement of the action, paid all of its taxes which it conceded were due, and all which were not involved in the legal questions submitted, so that it is entitled now, if the court should hold that more tax is due from it than it conceded, to pay the balance and have a decree in its favor against such portion as may be held illegal. (*Chicago, B. & Q. R. Co. v. Board of Commrs.,* 67 Fed. 413, 14 C. C. A. 458; *Montana Ore Purchasing Co. v. Maher,* 32 Mont. 480, 81 Pac. 13; *People's Nat. Bank v. Marye,* 191 U. S. 272, 24 Sup. Ct. 68, 48 L. ed. 180; *First Nat. Bank v. Covington,* 103 Fed. 523.)

C. H. Potts, for Respondents.

The 5.67 miles of second track of said railway company is subject to taxation, and it is apparent that the state board of equalization did not take the value thereof into consideration in placing a value upon the mileage of the main track of said railroad company, and the assessment of the same as second track is a difference in form only and not in substance, and should be upheld. (*Pittsburg, C. C. & St. L. Ry. Co. v. Board,* 172 U. S. 32, 43 L. ed. 354.)

AILSHIE, J.—This is an action that was instituted by the Northern Pacific Ry. Co. to quiet its title to 5.67 miles

of its railway track and remove the cloud therefrom, and to enjoin and restrain the taxing officers from proceeding further for the collection of a tax levied and assessed against the property. The court sustained a demurrer to the complaint, and the company thereupon appealed.

It seems that in the year 1909 the state board of equalization valued and assessed the property of the Northern Pacific Ry. Co., and caused the same to be certified by the state auditor to the auditor of Kootenai county as follows:

### "RAILWAY LINES.

| Counties—<br>Kootenai. | Mileage. | Rate per<br>Mile. | Valuation. | Total<br>Valuation. |
|---|---|---|---|---|
| Northern Pacific<br>Railway Co. | 24.34 | 16,000 | 389,440 | |
| Northern Pacific<br>Railway Co., Ft.<br>Sherman Branch | 13.65 | 6,500 | 88,725 | |
| Northern Pacific<br>Railway Co.,<br>'Second Track' | 5.67 | 8,000 | 45,360. " | |

The auditor of Kootenai county thereupon caused the same to be extended on the assessment-books of the county for the year 1909 as follows:

### "STATEMENT OF TAXES OF THE NORTHERN PACIFIC RAILWAY COMPANY FOR 1909.

24.34 miles of main line, $16,000; total, $389,440 . . . . 'Second Track' 5.67 miles, $8,000 per mile; Total value, $45.360."

The appellant paid its taxes on all the property assessed against it except this 5.67 miles of "second track." It now contends that the state board of equalization had no authority, power or jurisdiction to assess separately and as such any mileage whatever of "second track," and that the assessment and certification of the same was without jurisdiction, and furnishes no authority whatever for the taxing

officer to collect the same or hold it against the company as a lien, cloud or encumbrance on its property.

The statutes of the state bearing on the subject are as follows:

Sec. 1710, Rev. Codes, provides that, "The state board of equalization shall have exclusive power to assess and value for purposes of taxation all telegraph and telephone lines and the 'railroad track' and 'rolling stock' and franchises of all persons, companies, or corporations owning, operating or constructing any telegraph or telephone lines, or railroads wholly or partly within this state. For the purposes of this chapter, 'railroad track' shall be deemed to include the right of way, station and other necessary grounds, superstructures upon such right of way, station and other grounds, and all other immovable property used, operated, or occupied by any person, company or corporation, owning, operating or constructing any line of railroad, wholly or partly within this state, and reasonably necessary to the maintenance and operation of such road." Then follows the definition of what shall constitute "rolling stock," and this in turn is followed by the direction that all property belonging to railroad corporations not included within the terms "railroad track" or "rolling stock" shall be assessed by the county assessor as other property is assessed within the county.

Sec. 1713, Rev. Codes, provides as follows:

"The president, secretary, superintendent or other principal accounting officer of any person, company or corporation, owning, constructing or operating any telegraph or telephone line or railroad wholly or partly within this state, shall list for assessment and taxation all the following described property belonging to, owned, occupied or operated by such person, company or corporation in this state, viz.: The whole number of miles of telegraph or telephone line, the number of wires, the number of instruments, the number of miles of railroad track (main, side and second tracks and turnouts being separately stated), the property held for right of way, the amount and character of improve-

ments, and the stations located on the right of way; and under the head of 'rolling stock' shall list all movable property owned, used, occupied or operated in connection with any railroad, wholly or partly within this state.

"Such lists shall specifically show the number of miles of such telegraph and telephone line or of 'main track' in each county, district, city and incorporated town or village through which such line or railroad passes. And all such lists shall be verified by the oath of such president, secretary, superintendent or other principal accounting officer making the same."

Sec. 1714 provides that, "The said board shall determine the total value of each railroad by adding together the value of the franchise, 'railroad track' and 'rolling stock' thereof, and shall apportion such total value among the several counties into or through which the main line of such railroad passes, in proportion to the total length of such line in the several counties respectively."

Sec. 1715 provides that when the total valuation of railroad property has been determined and assessed in accordance with the provisions of sec. 1714, "the state auditor shall prepare a statement to be sent to each county in which such . . . . railroad property may be situated, specifying the number of miles of such line or road within the county, the assessed value per mile and the number of miles of main line or main track in each district, city or incorporated town therein."

Reading these several sections of the statute together, and following the directions of sec. 1714, *supra,* it will be observed that it is the intention and direction of the statute that all railroad property comprising right of way, stations, and superstructures upon the right of way, sidetracks, switches, turnouts, and second tracks, rolling stock and all such property, including the franchises used by any one line of road, shall be ascertained, estimated and valued as a whole for the full length of the line within this state, and the total valuation so found is to be divided by the total number of miles of "main track" or "main line" so as to have a uni-

form valuation per mile throughout the "main line or main track" in each county, city, incorporated town or assessment district. The validity of this method of assessment has frequently been before the courts and has received a very careful and extended consideration and review, and has been sustained as constitutional and valid legislation. (*State v. Back*, 72 Neb. 402, 100 N. W. 952, 69 L. R. A. 447; *Adams Exp. Co. v. Ohio State Auditor*, 165 U. S. 194, 17 Sup. Ct. 305, 41 L. ed. 683.)

As we understand the statutes above cited, it is the duty of the state board of equalization to ascertain the total value of the main line or track, stations, switches, turnouts, "second tracks" and right of way, and other appurtenances, all of which comprise what the statute terms the "railroad track" and add thereto the value of the "rolling stock" and franchises, and to assess the main line the amount per mile which if multiplied by the total number of miles of main line will equal the total valuation of the property so ascertained. And when the valuation and assessment have been made, the certification to each county is for so many miles of "main line or main track" at such sum per mile as the board has valued the property. When the board makes such valuation and assessment, it is to be presumed that they have followed and complied with the law in computing all the appurtenances and incidents which go to make up the "railroad track" or "main line." When, therefore, the board certified so many miles of Northern Pacific "second track," they were clearly certifying something that the law had required them to value and compute in the total estimate of valuation of railroad property in ascertaining the value per mile to be placed on the main line or track. Had they simply certified so many miles of road, then the law would have raised the presumption, in the absence of a contrary showing on the face of the record, that they meant "railroad track or main line" as specified and defined by the statute, but where they specifically designated that it was "second track," that overcomes the presumption that the mileage certified is that contemplated

by the statute. It has been urged, however, by counsel for respondent that the property in question designated as "second track" is in fact main track or main line and was entitled to be valued and assessed as such. However that may be, in point of fact, it is clear from the record here that the state board of equalization did not so consider it. On the contrary, they have, so far as the record discloses, found that it was "second track" and not main track or main line. The demurrer should have been overruled.

Since this case must be reversed and the county will be entitled to answer plaintiff's complaint and further proceedings may be had, it is necessary for us to make one further observation. The fact that the state board of equalization certified 5.67 miles of "second track" valued at $8,000 per mile, to our minds refutes the presumption that they complied with the law in including this 5.67 miles of second track in the grand total of the Northern Pacific property. when ascertaining the rate per mile at which the main line should be assessed. It follows, therefore, that if this attempted assessment of 5.67 miles at $8,000 per mile amounting to a total assessed valuation of $45,360 is to be held void, the company will thereby escape its taxes for the year 1909 on this assessed valuation. This is a suit in equity whereby the plaintiff seeks to remove a cloud from its title and to enjoin and restrain the taxing officers from holding the same against its property or further attempting to collect the tax, There is a moral obligation resting on the owners of all taxable property to pay their respective shares of the burdens of government, whether the tax has been regularly or irregularly levied and assessed. The maxim of law, however old, is still sound and wholesome, that he who seeks equity must first do equity. Applying that rule here, the appellant company should be required to pay to Kootenai county the proportionate share of this tax to which the total mileage of main line in Kootenai county would have entitled the county under the statute, secs. 1713, 1714, 1715, and 1716 of the Rev. Codes. (*Couts v. Cornell,* 147 Cal. 560, 109 Am. St. 168, 82 Pac. 194.)

The judgment is reversed and the cause is remanded, with direction to the trial court to overrule the demurrer and allow the defendant to answer.   Costs awarded in favor of appellant.

Sullivan, C. J., concurs.