(July 1, 1913.)

## D. W. STANDROD and THOMAS F. TERRELL, Appellants, v. L. B. CASE and CITY OF POCATELLO, Respondents.

[133 Pac. 651.]

CONSTRUCTION OF STATUTES—REPEAL BY IMPLICATION—POWER TO COL-
LECT A TAX LEVY—WARRANT INDEBTEDNESS—MUNICIPAL FINANCE—
ANNUAL APPROPRIATION.

1. Sec. 2268 of the Rev. Codes, as amended by the 1911 Session of the legislature (1911 Sess. Laws, p. 266), authorizing and empowering cities and villages to levy a tax for general revenue purposes not to exceed twenty mills on the dollar in any one year, repealed that part of sec. 2265 which fixed the maximum levy that might be made by cities and villages for general and incidental expenses at ten mills on the dollar.

2. Sec. 18 of art. 3 of the constitution which provides that "No act shall be revised or amended by mere reference to its title, but the section as amended shall be set forth and published at full length," is intended to prohibit the amendment of a section of a statute by reference, and requires that the amended statute be set out at full length. This constitutional provision, however, does not

prohibit an amendment by implication; that is, it does not prohibit or forbid the section as amended in accordance with the foregoing provision of the constitution having the effect of repealing or amending some other section of the statute with which the amended section is in irreconcilable conflict. It was never intended by sec. 18 of art. 3 of the constitution to require the legislature to set out at full length all the sections of the statute that might possibly be affected either by way of repeal or amendment of some provision thereof by reason of being in conflict with the amendment.

3. The power to levy a tax carries with it the implied power to employ the necessary means and procedure to execute the power and collect the revenue contemplated by the grant of power to make the levy.

4. Sec. 2265 of the Rev. Codes requires the city council or board of trustees within the first quarter of each fiscal year to pass an ordinance to be termed the annual appropriation bill, and that such ordinance shall specify the objects and purposes for which the appropriations are made and amount appropriated for each object or purpose; and it also provides that if there be any outstanding warrant indebtedness, the council or board of trustees shall at the same time include in the annual appropriation "a special tax assessment of not to exceed ten mills on the dollar as shown by the last preceding assessment" for the purpose of paying such warrant indebtedness. This provision, however, does not contemplate an actual *levy* by the city authorities at the time of passing the appropriation bill for the purpose of paying the outstanding indebtedness, but it rather requires the council to make an appropriation of a lump sum for such purpose, and limits the amount that can be thus appropriated to not exceeding ten mills on the dollar on the assessed valuation of the city *at the last preceding annual assessment.*

5. A failure to include in the appropriation ordinance a specific appropriation for the payment of outstanding warrant indebtedness does not oust the city council of the power and authority to thereafter make such appropriation, or in case of a failure to do so prior to the time of certifying the tax levy for the city, it does not deprive them of the jurisdiction and power to certify a sufficient levy within the maximum prescribed by sec. 2265 to meet the outstanding warrant indebtedness of such municipality.

6. A public or official duty devolved by law on an officer, a discharge of which may be enforced by legal process, may be discharged without compulsion of such process, and although not done at the time prescribed, may be voluntarily done or peremptorily enforced at any time thereafter, and before it is too late for the doing thereof to accomplish the results intended to be accomplished by such act.

APPEAL from the District Court of the Fifth Judicial District for Bannock County. Hon. Ed. L. Bryan, Judge of the Seventh District, presiding.

Action to enjoin the collection of a tax. Judgment for defendants. Plaintiffs appeal. *Affirmed.*

Standrod & Terrell, for Appellants.

All presumptions are against an attempt to repeal a statute where express terms are not used. (36 Cyc. 1071, and note 26, p. 1072.)

Again, if both acts, by reasonable construction, can be construed together, both will be sustained. (36 Cyc. 1076, and note 39.)

If the later statute does not cover the entire field of the first, and fails to embrace within its terms a material portion of the first, it will not repeal so much of the first as is not included within its scope, but the two will be construed together, so far as the first still stands. (36 Cyc. 1079; *State v. Omaha Elevator Co.,* 75 Neb. 637, 106 N. W. 979, 110 N. W. 874.)

In order to effect a repeal by implication, there must be a plain, unavoidable and irreconcilable repugnancy and conflict between the statutes. When two statutes cover, in whole or in part, the same subject matter, and are not absolutely irreconcilable, no purpose of repeal being clearly shown, the court, if possible, will give effect to both. (36 Cyc. 1077, and note 47; *Hewett Lumber Co. v. Chessley,* 68 Wash. 53, 122 Pac. 993.)

When there is a difference in the whole purview of two statutes apparently relating to the same subject, the former is not repealed. (*In re Application to Issue Bonds,* 33 Okl. 797, 127 Pac. 1065; Endlich on Stat. Const., sec. 741.)

Under such a constitutional provision as we have, a repeal by implication should not be permitted, unless the former statute, as a whole, was in absolute and irreconcilable conflict with the later statute, and the later statute related to the

same subject matter as the former statute and covered the whole subject matter. (*George v. Lilliard*, 106 Ky. 820, 51 S. W. 793, 1011; *Blanfeld v. State*, 103 Tenn. 593, 53 S. W. 1090; *Durham v. State*, 89 Tenn. 723, 18 S. W. 74; *Frazier v. Ry. Co.*, 88 Tenn. 138, 12 S. W. 539.)

In case of doubt as to the proper construction, such doubt should be resolved in favor of the taxpayer. (*Adams v. Board of Commrs.* (Okl.), 130 Pac. 148; *United States v. Wigglesworth*, 2 Story, 369, Fed. Cas. No. 16,690; *McNally v. Fields*, 119 Fed. 445; *Mayor v. Hartridge*, 8 Ga. 30; Lewis' Sutherland, Stat. Const., 2d ed., sec. 535; Cooley on Taxation, 3d ed., p. 454, and cases cited.)

"The general rule of construction as applied to statutes relating to the assessment and collection of taxes is that what the law requires to be done for the benefit or protection of the taxpayer is mandatory, and cannot be considered directory merely." (28 Cyc. 1692; *Moore v. People*, 1 Ida. 662; *People v. Florville*, 207 Ill. 79, 69 N. E. 623; *Riverside County v. Howell*, 113 Ill. 256; *People v. Peoria Ry. Co.*, 116 Ill. 410, 6 N. E. 459.)

"A municipal corporation possesses no inherent power to levy taxes. (Cooley, Taxation, p. 678.) It only possesses such power as is expressly conferred upon it by the legislature. Not only must the state confer the authority, but when the state has so conferred the authority and stated the manner of its performance, such power can only be performed substantially in the manner and mode pointed out." (*Wood v. City of Galveston*, 76 Tex. 126, 13 S. W. 227; *Clegg v. State*, 42 Tex. 605; *George v. Dean*, 47 Tex. 73.)

Clark & Budge and P. C. O'Malley, for Respondents.

If the two statutes are in part positively repugnant to each other, the older statute is repealed by implication to the extent of the repugnance. (*Territory v. Digneo*, 15 N. M. 157, 103 Pac. 975; *State ex rel. Great Northern R. Co. v. Railroad Commission*, 52 Wash. 33, 100 Pac. 184; *State v. Rogers*, 22 Or. 348, 30 Pac. 74; *Springer v. Lytle*, 1 Ida. 143; *Board of*

*Health v. Vineland* (N. J.), 65 Atl. 174; *Edqlgo v. Southern Ry. Co.*, 129 Ga. 258, 58 S. E. 846; *Ayers v. Chicago*, 239 Ill. 237, 87 N. E. 1073.)

"While repeal of statutes by implication is not favored, yet, when the repugnance between two statutes is so plain that they cannot be reconciled, such repeal must follow." (*Freeman v. People*, 242 Ill. 152, 89 N. E. 667; *Dorrance v. Bristol Borough*, 224 Pa. 464, 73 Atl. 1015; *New York Life Ins. Co. v. Bradley*, 83 S. C. 418, 65 S. E. 433; *United States v. Balsara*, 180 Fed. 694, 103 C. C. A. 660.)

"Where two inconsistent statutes relating to the same subject matter, but passed at different times, are to be construed, the latter statute governs, and the former is to be taken as repealed by implication." (*Klauss v. Citizens' Nat. Bank*, 46 Ind. App. 683, 93 N. E. 558; *Heydecker v. Price*, 136 Ill, App. 512; *Smith v. Slaughter*, 138 Ill. App. 46.)

Where a tax is legally levied and no procedure is provided for the collection of the same, it may be collected by an action in equity. (37 Cyc. 1233, 1242; *City of Huntsville v. County of Madison*, 166 Ala. 389, 52 So. 326.)

AILSHIE, C. J.—This action was instituted by the appellant to enjoin and restrain the assessor and *ex-officio* tax collector of Bannock county and the city of Pocatello from the collection of certain taxes levied and assessed against the property of appellants, and to restrain and enjoin the assessor from selling the property for such tax. The suggestion made by counsel that it is rather an action to contest a tax levy by way of removal of a cloud from the title to the property is without merit. No such action would lie.

In the early part of August, 1912, the city council of the city of Pocatello passed Ordinance No. 265, known as the annual appropriation ordinance, and thereby made the following appropriations for the fiscal year commencing April 1, 1912:

"Officers Fund.—(Including city officers, police officers, fire department, cemetery) $24,000.00;

"Highway Fund.—(Including street sprinkling, water rent, street lighting, street work, and sidewalks and repairs), $50,000.00."

"General Fund.—(Including printing, city jail, public buildings, contingent, outstanding warrants) $17,500."

Thereafter and on the 24th day of September, 1912, the council passed and the mayor approved Ordinance No. 267, entitled "An ordinance providing for the tax levy of the city of Pocatello for all purposes, including the general fund, Carnegie Library Fund, redemption of outstanding warrants," etc., which ordinance, among other things, made a levy of twenty mills on the dollar "for the general fund" and ten mills on the dollar "for the redemption of outstanding warrants." Appellants attack the action of the city council and seek to restrain the collection of the tax provided for by this levy upon two principal grounds: First, that the city council had no power or authority under the statute to make a levy for the general fund exceeding ten mills on the dollar; and, second, that the levy of ten mills on the dollar for payment of outstanding warrants was in violation of the statute and is unauthorized and void. We will deal with these questions in the order above suggested.

Appellants rely on sec. 2265 of the Rev. Codes in support of their contention that the city council has no authority to make a levy for general purposes exceeding ten mills on the dollar. The portion of sec. 2265 bearing upon this point is as follows:

"Sec. 2265: The council or trustees of each city or village shall, at the time provided by law, cause to be certified to the county tax collector the percentage or number of mills on the dollar of tax levied for all city or village purposes, etc. . . . . The amount which may be so certified, assessed and collected, shall not exceed ten mills on the dollar to defray its general and incidental expenses, etc."

Respondents, on the other hand, justify the levy under sec. 2238, Rev. Codes, as amended by chap. 81 of the 1911 Session Laws. The 1911 session of the legislature amended

the first subdivision of sec. 2238, Rev. Codes, which confers various powers and authority on cities and villages, and the amendment in this respect is as follows:

"Sec. 2238. In addition to the powers heretofore granted to cities and villages under the provisions of this chapter, any city or village may by ordinance or by-law,—first levy taxes for general revenue purposes not to exceed twenty mills on the dollar in any one year, on all the property within the limits of said city or village taxable according to the laws of the state of Idaho, the valuation of such property to be ascertained from the books or assessment-rolls of the tax collector of the proper county."

Sec. 2238 is found in chap. 5, title 13, entitled "Powers of Cities and Villages," while sec. 2265 is in chap. 7, title 13, entitled, "Municipal Finances." The two paragraphs here in question are both dealing with the same question, namely, the authority and method for collecting taxes. When the Revised Codes were adopted, these two sections were in harmony, but when the legislature amended sec. 2238, they made no reference to sec. 2265. The amendment of 1911 (1911 Sess. Laws, p. 266) is the latest legislative expression on the subject, and it undoubtedly amends sec. 2265 in so far as the latter section conflicts with the amendment to sec. 2238. (*People v. Lytle,* 1 Ida. 143; *Territory v. Evans,* 2 Ida. 651, 23 Pac. 232, 7 L. R. A. 646.) The contention has been made that under sec. 18 of art. 3 of the constitution, which provides that "No act shall be revised or amended by mere reference to its title, but the section, as amended, shall be set forth and published at full length," prohibits an amendment or repeal by implication. The foregoing provision of the constitution was never intended to have such an effect. It was the purpose of this provision of the constitution to require every section of a statute which might be revised or amended to be set out at full length in the amendment, but it was never intended to require an impossible thing, and every-day experience teaches us that it would be impossible and would result in locking the wheels of legislation to re-

quire that every section of the statute which might be in some respect repealed, modified or affected by the amendment of another section should also be set forth in full. That task would tax the ingenuity of the best skilled members of the bar. It was certainly never the intention of the framers of the constitution to require any such impossibility from the layman who is engaged in his business or avocation and who attends perhaps only once in a lifetime upon a sixty-day session of the legislature. On the other hand, the purpose intended to be accomplished by setting out the amended or revised section at length is accomplished as effectively as if all the kindred sections that might be in any way affected thereby were set out in full. In such case the object and purpose of the amendment is made manifest by the section which is written in full. Sec. 2238 confers the power to levy the tax, while sec. 2265 provides for certifying the levy and its collection by the tax collector of the county in which the city or village is located. The power and authority, having been conferred by sec. 2238 upon the city to levy a tax not exceeding twenty mills, would carry with it the implied power and authority to employ the means necessary to make that power effective and carry it into operation, even if the statutes did not elsewhere (which they do) provide the procedure.

It has been held that power to levy and collect a tax carries with it the implied power to employ the necessary procedure to execute the power and collect the revenue contemplated by the grant of power to make the levy. (Gray on Limitations of the Taxing Power, sec. 1174; *State v. Severance,* 55 Mo. 378; *Hanson Co. v. Gray,* 12 S. D. 124, 76 Am. St. 591, 80 N. W. 175; *City of Huntsville v. County of Madison,* 166 Ala. 389, 52 So. 326; 37 Cyc. 1233–42.)

This brings us to the second question urged by the appellants respecting the levy of ten mills for the payment of outstanding warrants. Sec. 2268 of the Rev. Codes contains, among other things, the following language with reference to the passage by the city council of an annual appropriation bill:

"The city council of cities, and board of trustees in villages, shall, within the first quarter of each fiscal year, pass an ordinance to be termed the annual appropriation bill, in which such corporate authorities may appropriate such sum or sums of money as may be deemed necessary to defray all necessary expenses and liabilities of such corporation, not exceeding in the aggregate the amount of tax authorized to be levied during that year, and at the same time said city council of cities, and board of trustees in villages . . . . must, whenever any city or village shall have warrants outstanding and unpaid, for the payment of which there are no funds in the city or village treasury, in addition to other taxes provided by law . . . . levy and include in such annual appropriation bill, a special tax assessment of not to exceed ten mills on the dollar, as shown by such preceding assessment; . . . . as shall be sufficient to pay such warrants. . . . . Such ordinance shall specify the object and purposes for which such appropriations are made, and the amount appropriated for each object or purpose," etc.

This section is contained in the same chapter which contains sec. 2265, entitled "Municipal Finances," and the foregoing provisions of the section have particular reference to the annual appropriation bill. As above noted, the city council passed an appropriation ordinance in accordance with the provisions of this statute and specified the objects and purposes for which each appropriation was to be made as above set out. The appropriation ordinance, as may be noted, did not make a separate, specific appropriation for outstanding warrant indebtedness. It did, however, contemplate the payment of outstanding warrants and recognized such an indebtedness and made an appropriation therefor. This appropriation was included with other appropriations as follows:

"General Fund: (Including printing, city jail, public buildings, contingent outstanding warrants) $17,500."

So it will be seen that the city council intended that some part of this $17,500 should be employed for the payment of outstanding warrants, and this afforded notice to every taxpayer that this latter appropriation was to cover some out-

standing indebtedness. Of course, this appropriation is not in the form contemplated by the statute. Subsequently, however, when the city council came to certifying their tax levy, as required by sec. 2265, they certified a ten-mill levy "for the redemption of outstanding warrants."

Appellants insist that this latter action of the council was void and unauthorized, for the reason that under the provisions of sec. 2268, *supra,* it was the duty of the city council to make the levy for payment of outstanding warrants at the time of passing the annual appropriation bill, and that this statute is mandatory, and a failure to make such a levy at that time was fatal to any subsequent levy for such purpose. It is contended by appellants that it was the duty of the city council at the time of the passage of the annual appropriation bill to ascertain the amount of the outstanding warrant indebtedness and make a levy based upon the assessment of all the taxable property within the city for the preceding year, and that a failure to make such levy ousted the council of jurisdiction to subsequently levy and certify a tax for such purpose. We are unable to agree with appellants in this construction of the statute. Sec. 2268 of the statute, when read and construed in connection with the powers granted to cities and villages and the general revenue scheme providing for the levy and collection of taxes for municipal purposes, convinces us that it was the purpose of the legislature to require the city council to include in the general appropriation ordinance or bill an appropriation for the purpose of paying the outstanding warrant indebtedness, and that the word "levy" was used in this connection, for the reason that it was the purpose of the legislature to limit such appropriation to a sum not exceeding ten mills, computed upon the city *assessment for the preceding year.* At the time of passing this appropriation bill the assessment for the current year had not been made, and the city council could not tell what the total assessment of the city would be. And so it was the evident intent of the legislature to limit any and all appropriations and assessments for the payment of outstanding warrants to a rate which should not exceed a ten-

mill levy on the dollar as shown by the last preceding assessment, and that the appropriation bill should not carry more than that sum for this special purpose. After the assessment is made and the council come to figure up the percentage of levy that will be necessary to raise the various sums appropriated by the general appropriation act, the levy may be much less than ten mills, or it might be more than ten mills *on the assessment of the current year.* If the appropriation had been made for the maximum of ten mills on the assessment of the *preceding year,* and it should then so happen that the *assessment of the current year* was less than that of the *preceding year,* the tax levy for the payment of this appropriation would necessarily exceed ten mills on the *current year's assessment.* The law requires the appropriation bill to be passed during the first quarter of the fiscal year while the levy is not made and certified until in September.

Under the requirements of sec. 2268, it was the plain duty of the council to include in the appropriation bill an appropriation for the payment of the outstanding warrant indebtedness, and the council might have been compelled by proper legal procedure to make such appropriation as a separate and specific item. Having failed to do this and no legal proceeding having been resorted to in order to enforce compliance, the question arises: Was it too late for them to certify a levy along with the other tax levies when the time arrived to perform this latter act? In other words, did the failure to make the appropriation at the proper time deprive the city of the jurisdiction and power to collect any revenue for the year 1912 for the payment of outstanding warrant indebtedness? Our answer to both these questions must be in the negative. A public or official duty devolved by law on an officer, the discharge of which may be enforced by legal process, may certainly be discharged without the compulsion of such process, and although not done at the time prescribed, may be voluntarily done or peremptorily enforced at any time thereafter before it is too late for the doing to accomplish the results intended to be accomplished by such act.

It appeared on the trial in this case that a ten-mill levy

on the assessed valuation for 1912 would raise more revenue than was necessary to pay the outstanding warrant indebtedness, and it was agreed at the trial that six and five-tenths mills would raise sufficient revenue for that purpose. The court accordingly ordered the levy reduced to six and five-tenths mills. It must be conceded here that the action of the city council in regard to the appropriation and levy for the payment of the outstanding warrant indebtedness was irregular and not in conformity with the statute. It appears, however, on the other hand, that it was the duty of the council to make an appropriation for this purpose, and that a levy was necessary to raise revenue for the payment of the warrant indebtedness, and that all the taxable property of the city of Pocatello was liable to a tax levy for the year 1912 to meet this indebtedness. (See *Northern Pac. R. R. Co. v. Kootenai County*, 19 Ida. 75, 112 Pac. 320.)

For the foregoing reasons the trial court properly denied the injunction. The judgment should be affirmed, and it is so ordered. Costs awarded in favor of respondent.

Sullivan and Stewart, JJ., concur.