BERNARD SMITH v. F. M. HOBBS.

1. TAX DEED — *Conclusiveness* — *Burden of Proof.* Under ¶ 6991, General Statutes of 1889, a tax deed regular on its face is *prima facie* evidence of the existence and regularity of all prior proceedings upon which it is based, and the burden of proving the non-existence of or irregularity in such proceedings is on the adverse party.

2. EJECTMENT — *General Denial* — *Evidence.* Under a general denial in an ejectment proceeding, anything may be given in evidence that rebuts the right of the plaintiff to the possession of the land.

*Error from Greenwood District Court.*

JUDGMENT for defendant, *Hobbs,* at the January term, 1889. Plaintiff, *Smith,* brings the case here. The opinion states the facts.

*T. L. Davis,* for plaintiff in error; *T. S. Brown,* of counsel:

The provisions of the statutes of Iowa prescribing notice of expiration of time for redemption, that the tax deed shall be evidence, and the limitation of action, are very similar to the provisions of the Kansas statutes. Iowa Stat., 1882, §§ 894, 897, 902; *Slyfield v. Healy,* 32 Fed. Rep. 2; *White v. Smith,* 68 Iowa, 313; *Trulock v. Bentley,* 67 id. 602; *Ellsworth v. Van Ort,* 67 id. 222.

The statute of Minnesota is nearly identical with that of Iowa, requiring the notice to be given by the purchaser, and adding that "The time for the redemption of such lands shall expire sixty days after the service of such notice." Stat. Minn. 1878, p. 245, § 121; *Berrill v. Dearing,* 32 Minn. 479; *Nelson v. Land Co.,* 35 id. 408; *Gaston v. Merriam,* 33 id. 271.

In Illinois, the notice is required by the constitution to be given by the purchaser three months before the expiration of the time of redemption. *Holbrook v. Fellows,* 38 Ill. 440; *Wilson v. McKenna,* 52 id. 43.

The New York statute differs from the Kansas statute in making the tax deed *prima facie* evidence only of the sale, and not of the prior or subsequent proceedings. *Doughty v. Hope,* 1 N. Y. 79; Cooley, Tax., pp. 365, 532, 536; *Shoup v. U. P. Rly. Co.,* 24 Kas. 547; *Long v. Wolf,* 25 id. 522; *Watkins v. Inge,* 24 id. 612; *Blackistone v. Sherwood,* 31 id. 35; *In re Rolfs,* 30 id. 758.

In the case at bar, no proof was given or offered that the notice required by § 137 was ever published. This notice, being of the essence of the things to be done, a jurisdictional act precedent to the acquisition of title, essential and indispensable to the validity of the deed, was not and could not be matter of which the deed itself was *prima facie* evidence.

The deed is *prima facie* evidence only of the regularity, and not of the existence of jurisdictional acts precedent to the acquisition of title. If the clerk issued the deed without such notice having been given and filed with him, it was entirely unwarranted, and inoperative to convey any title. If it did not convey any title, it could certainly not be evidence of any title; and if not evidence of title, it was certainly not evidence of anything or for any purpose. "In the absence of such notice, the deed was no evidence of title, and was therefore inadmissible, and should have been excluded. Defendant having failed to make such proof, the court erred in overruling the motion for a new trial."

*W. S. Marlin*, and *R. P. Kelley*, for defendant in error:

Plaintiff in error attempts to show that the burden of proof was on defendant to support his tax deed by proof of a legal redemption notice, and also by proof of all other jurisdictional facts. His argument rests entirely on a far-fetched construction of the words, "regularity of proceedings," in § 138 of tax act. That act expressly provides that "a tax deed shall be *prima facie* evidence of the regularity of all proceedings, from the valuation of the land by the assessor, inclusive, up to the execution of the deed." In view of such provision, does it require an argument to show that the burden is not on the holder of a tax deed, good on its face, to support it by proof of all jurisdictional facts? The attempted distinction between the phrases, "regularity of proceedings," and "existence of jurisdictional facts," is untenable. The "proceedings," as referred to in § 138, comprise all facts relating to a tax sale, including the jurisdictional facts. The two phrases, above mentioned, are synonymous. Section 139 of the tax act shows that the words, "regularity of the proceedings," in § 138, refer to jurisdictional proceedings. If the burden is on the holder of a tax deed to prove the existence of the jurisdictional facts, *i. e.* the proceedings, then, of course, the deed itself is not admissible until said facts are first proven. Can a fact which does not

.exist (excuse the bull) be regular? and, if it is "regular," does it not exist? The case of *Belz v. Bird*, 31 Kas. 139, settles the question as to whether the sale notice is void or voidable. The term "charges" is as comprehensive as the word "taxes." Section 106, tax act, mentions "charges." "Taxes are charges," etc. Cooley, Tax., p. 1, note 1, referring to Blackwell on Tax Titles, p. 1; 1 Desty, Tax., p. 1, and notes 11, 15, and 16.

Opinion by STRANG, C.: Action in ejectment, commenced March 23, 1888. The plaintiff claimed under a patent deed, which he introduced, and rested. The defendant claimed under a tax deed dated September 10, 1880. When this deed was offered in evidence, the plaintiff objected to its reception, for the reason that the deed was void, and void on its face. The objection was overruled and the deed received in evidence. Defendant rested. The plaintiff, by way of rebuttal, introduced the notice of tax sale upon which the deed was based and again rested. Judgment for the defendant. The plaintiff in error, plaintiff below, brings the case to this court, and asserts that the trial court erred in admitting the deed in evidence, for the reason that the deed was void because the tax-sale notice and the redemption notice were not sufficient.

The deed is good on its face. It was therefore not only admissible in evidence, but was *prima facie* proof of the regularity of all prior proceedings upon which it was based. (Gen. Stat. of 1889, ¶ 6991.) The contention of the plaintiff in error is, that the deed, being regular on its face, is *prima facie* evidence of the *regularity* of the proceedings upon which it is based, but not of the *existence* of such proceedings; and that the burden of showing the *existence* of such proceedings is upon him who claims under the tax title, and that, because the defendant did not show the *existence* of such proceedings, the court erred in giving him judgment in the case. This contention cannot be upheld. No such distinction as the one made by the plaintiff, between the *existence* and the *regularity* of the proceedings upon which a tax deed

is based, exists in law. The statute which declares a tax deed, regular on its face, *prima facie* proof of the regularity of the proceedings upon which it is based must be construed to mean, that such deed is *prima facie* proof of the existence as well as the regularity of the proceedings upon which it is based. A thing, the existence and regularity of which the law requires to accomplish a certain end, cannot be said to be regular until it exists. To protect the adverse party against the *prima facie* showing made by a tax deed, good on its face, the law furnishes an opportunity to rebut such proof by proving the non-existence of or want of regularity in the proceedings upon which a tax deed is based, except in those cases in which a tax deed has been of record for a period of five years or more. In the latter cases, under our statute, the title so conveyed has ripened into an absolute and indefeasible title, unless it can be shown that the taxes for which the land conveyed by the deed was sold had been paid or the land redeemed as provided by law. In this case, the plaintiff below introduced, by way of rebuttal, the tax-sale notice, and he now insists that such notice rendered the sale of the land described in the tax deed void, and therefore the judgment should have been in his favor. In the first place, the irregularity in such notice does not render the sale void, but at most only voidable, in a proper proceeding for the purpose of setting it aside within the time prescribed by law. But, secondly, the tax deed upon its face showed it had been of record more than five years, and therefore, under our statute, it could not be attacked. The contention that the statute was not pleaded is not available. The statute provides only for a general denial in proceedings in ejectment. Under such plea, anything can be shown that tends to defeat the right of the plaintiff to the possession of the land.

It is recommended that the judgment of the trial court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.