Sullivan, C. J., and Huston, J., concur.

(December 18, 1897.)

# CO-OPERATIVE SAVINGS AND LOAN ASSOCIATION v. GREEN.

## [51 Pac. 770.]

FORECLOSURE OF MORTGAGE—CERTIFICATE OF ACKNOWLEDGMENT.—The certificate of acknowledgment by a married woman to a mortgage must substantially conform to the provisions of section 2960 of the Revised Statutes. The certificate is *prima facie* evidence of the fact that the mortgage was acknowledged as therein indicated. If it fails to show the examination and acknowledgment as required by law, it will be presumed that such necessary acts were not done, at least until the certificate is corrected, which was not asked to be done in this case.

TAX DEED—PRESUMPTION AS TO REGULARITY.—Under the provisions of section 1555 of the Revised Statutes, a tax deed, regular on its face, is *prima facie* evidence of the existence and regularity of all the facts and acts set forth in the eight subdivisions of said section. And to defeat such deed the adverse party must show the non-existence of such facts or some of them.

CONTIGUOUS TOWN LOTS, HOW MAY BE ASSESSED.—Under the laws of this state two contiguous town lots owned by the same person may be jointly assessed and one valuation fixed for said lots.

(Syllabus by the court.)

APPEAL from District Court, Bannock County.

S. C. Winters, for Appellant.

The tax deed, the law makes *prima facie* evidence that the property was assessed as required by law. (Idaho Rev. Stats., sec. 1555; *Ward v. Huggins,* 7 Wash. 617, 32 Pac. 740, 1015, 36 Pac. 285; *Haarem v. High,* 97 Cal. 3? Pac. 518;

*Smith v. Hobbs,* 49 Kan. 800, 31 Pac. 687; *Rollins v. Wright,* 93 Cal. 395, 29 Pac. 58.)    City lots, where they are contiguous and belonging to the same person, may be assessed together and the aggregate value placed thereon by the assessor, and such an assessment is not objectionable.    (*People v. Morse,* 43 Cal. 534; *People v. Culverwell,* 44 Cal. 620.)    The tax deed is *prima facie* evidence of the regularity of all the steps necessary under the tax laws to give good title by tax sale, and there is no evidence contradicting it.    We therefore insist that the judgment of the district court should be reversed with direction to the court below to enter judgment for appellant according to the prayer of the answer to the complaint in intervention.

Eden & Warner, for Respondent W. Mackintosh.

That the court was justified in holding that the mortgage sued on by the plaintiff was void there can be no question.    The property mortgaged, or attempted to be mortgaged, was the separate property of the wife, or it was community property occupied as a homestead, and in either case the mortgage, to be valid, must have been acknowledged in the manner required by section 2956 of the Revised Statutes.    (See sections 2498-2505 and 2921.)    In other words, in the conveyance of, or an encumbrance, on, the real property of a married woman, or that part of the community property occupied as a homestead, to be effectual, it must be made to appear that the married woman was made acquainted with the contents thereof on an examination without the hearing of her husband.    (See Rev. Stats., secs. 2498, 2921; *Danglarde v. Elias,* 80 Cal. 65, 22 Pac. 69, and cases there cited.)    A party depending on a tax deed for title must show that the statute has been complied with. (*Gwynn v. Dierssen,* 101 Cal. 565, 36 Pac. 103; *Gates v. Lindley,* 104 Cal. 453, 38 Pac. 312; *Hearst v. Egglestone,* 55 Cal. 365; *Weyse v. Crawford,* 85 Cal. 199, 24 Pac. 735; *Shipman v. Forbes,* 97 Cal. 574, 32 Pac. 599.)    This assessment is void for the reason that no separate valuation was placed on the lots 17 and 18, but a lumping valuation of $175 placed on both. (*Terrill v. Grones,* 18 Cal. 149; *Cadwalder v. Nash,* 73 Cal. 50, 14 Pac. 385.)

SULLIVAN, C. J.—This is an action to foreclose a mortgage executed by J. B. Green and Jessie W. Green, husband and wife, in favor of the appellant corporation. Green and wife made default. One W. B. King was made a defendant, but filed a disclaimer of any interest in the subject matter of said suit. W. Mackintosh intervened, and demanded the foreclosure of a subsequent mortgage executed by said Green and wife upon the same property as described in the first-mentioned mortgage, and claimed priority of lien on account of a defective acknowledgment of the prior mortgage. Appellant answered the complaint of intervener, and denied the assignment of the subsequent mortgage to the intervener, and alleged actual knowledge of the prior mortgage by the assignor of the intervener prior to the execution of the subsequent mortgage. Appellant also claimed title to the premises in dispute by virtue of a tax deed duly executed in favor of one W. H. King, and a quitclaim deed from said King to appellant. On the issues made, a trial was had, and judgment went in favor of the intervener. This appeal is from the judgment.

Two questions are presented by this appeal: 1. Is the mortgage which this action was brought to foreclose valid? and 2. Is the tax deed referred to in the pleadings valid?

The mortgage was executed by Jessie W. Green and J. B. Green, husband and wife, in favor of the appellant corporation, either on the separate property of the wife, or community property. It was on property that was occupied by the mortgagors as a residence. The trial court held that said mortgage was void for the reason that it was not acknowledged by the wife and certified in the manner required by section 2956 of the Revised Statutes, which declares that the acknowledgment of a married woman to an instrument must not be taken unless she is made acquainted by the officer with the contents of the instrument on an examination without the hearing of her husband, nor certified unless she acknowledges to the officer that she executed the same, and that she does not wish to retract such execution. The certificate of acknowledgment is as follows:

"State of Idaho,    } ss.
  County of Bingham. }

"On this twenty-third day of August, 1892, personally appeared before me, H. B. Kinport, a notary public in and for said county, Jessie W. Green and J. B. Green, husband and wife, known to me to be the identical persons described in, and who executed, the foregoing instrument, and who acknowledged to me that they executed the same freely and voluntarily, and for the uses and purposes therein mentioned. And the said J. B. Green, having been by me first made acquainted with the contents of said instrument, acknowledged to me, on examination apart from, and without the hearing of, his wife, that he subscribed to the same freely and voluntarily, without fear or compulsion, or undue influence of his wife, and that he has no wish to retract the execution of the same. In witness whereof, I have hereunto set my hand and affixed my official seal, at Pocatello, the day and year in this certificate first above mentioned.

"H. B. KINPORT,
"Notary Public."

It is shown by said certificate that the officer who made it took the acknowledgment of J. B. Green, the husband, separate and apart from the wife. The wife's acknowledgment was not taken separate and apart from the husband, as required by section 2956 of the Revised Statutes, if the recitals in the certificate be true; and, as the reformation of said certificate is not asked for, the conclusion is that it states the facts of acknowledgment correctly. Under the provisions of sections 2956, 2960 of the Revised Statutes, said acknowledgment is void. (See *Danglarde v. Elias,* 80 Cal. 65, 22 Pac. 69.)

The second point raised is as to the validity of the tax deed. It is urged by the respondent that the tax deed was void for the reason that the assessment was not made in the manner required by law, and the court below so held. Under the provisions of section 1555 of the Revised Statutes, a tax deed, regular upon its face, and containing the recitals necessary in the certificate of sale, is *prima facie* evidence of existence of the facts set forth in the eight subdivisions of said section, the first of which is,

"The property was assessed as required by law." To show that said property was not assessed as required by law, the assessor testified in behalf of the intervener that Colonel Hannaford was deputy assessor, and made the assessment of the two lots described in the mortgage for the year 1893, that he did not think Jessie W. Green, for that year, returned any list on which to make the valuation. The attention of the witness was called to line 3, page 35, of the assessment-book of Bannock county, which shows that said lots 17 and 18, block 489, were assessed to Jessie W. Green for the year 1893, and were valued at $175, and the improvements thereon were valued at $750. The foregoing is all of the evidence introduced by respondent to show that said property had not been assessed as required by law, to refute the *prima facie* case made by the introduction of said tax deed by appellant. The contention is that section 1429 of the Revised Statutes commands the assessor to require of each person a statement, under oath, specifying all of the property owned by such person, or under his control, and that the record fails to show that such sworn statement was required from Jessie W. Green, and for that reason the assessment was void. The deed, in that regard, made a *prima facie* case for appellant, which was not overcome by the respondent. The evidence introduced by respondent on that point shows that the assessment was made by the deputy assessor, and that the assessor did not "think" that a statement under oath was made by the owner of said lots. This evidence is not sufficient to establish the fact that a statement was demanded by the assessor. The presumption is that it was. Section 1433 of the Revised Statutes requires the assessor, in case any person, after demand on him, refuses or neglects to give under oath such statement, to note the refusal on the assessment-book, opposite the name of such person so refusing. The copy of the line and page of the assessment-book put in evidence contains no marginal entry whatever. In our view of the case, it is not necessary to a valid assessment that the statement referred to in said section 1429 be demanded by the assessor, or that the person assessed give such statement or refuse to do so. If a statement be demanded by the assessor, it is the duty of the person from whom it is de-

manded to give it; and, if he refuses, the assessor must proceed as directed by law. It is also urged that said lots 17 and 18 were not assessed as required by law, in this, to wit: They were not assessed separately, and a valuation put on each lot. There is nothing in this contention. They were owned by the same person, Jessie W. Green, and occupied by her and her husband as a residence. Under our statute, two contiguous town lots, owned by the same individual, may be jointly assessed, and one valuation fixed for the two lots. If the person owning such lots demand of the assessor that he assess them separately, and place a valuation on each lot, he should do so; but, when that is not done, such lots may be assessed together, and one valuation put on both. (*Wright v. Cradlebaugh,* 3 Nev. 341; *People v. Morse,* 43 Cal. 534; *People v. Culverwell,* 44 Cal. 620.) Substantial compliance with the requirements of the law in making assessment is all that is necessary. If property is a subject of taxation, it cannot escape, through some technical failure of the officer to perform his duty, unless it has actually misled the party, to his injury. Under the provisions of section 1555 of the Revised Statutes a tax deed is made *prima facie* evidence of the facts and things mentioned in the eight subdivisions of said section; and to defeat such deed the defendant must show the nonexistence of such facts, or some of them. (*Ward v. Huggins,* 7 Wash. 617, 32 Pac. 740; *Smith v. Hobbs,* 49 Kan. 800, 31 Pac. 687; *Rollins v. Wright,* 93 Cal. 395, 29 Pac. 58.) The tax deed is valid, and conveyed the title to the appellant. The judgment of the district court is reversed, and the case remanded, with directions to set aside said judgment, and to enter judgment in favor of appellant, sustaining its title to said town lots acquired under said tax deed. Costs of this appeal are awarded to appellant

Huston and Quarles, JJ., concur.