(December 14, 1910.)

## C. B. STEWART, Appellant, *v.* S. D. WHITE, Respondent.

### [112 Pac. 677.]

TAXES—TAX SALE CERTIFICATES—TAX DEEDS—ASSESSMENT—REGULAR-
ITY OF PROCEEDINGS—COMPETITIVE BIDDER—LAND STRUCK OFF TO
COUNTY.

#### (Syllabus by the court.)

1. Form of tax certificate held sufficient.

2. *Bacon v. Rice,* 14 Ida. 107, 93 Pac. 511, cited and approved.

3. The presumption is that the officer performed his duty in making the tax sale and that the land was not struck off to the county as a competitive bidder, unless the tax sale certificate affirmatively shows to the contrary.

4. *Held,* that the tax deeds conveyed the title.

5. Under the provisions of sec. 1788, Rev. Codes, no assessment or act relating to assessment or collection of taxes is illegal on account of informality, or because the same was not completed within the time required by law.

6. Where an owner of real property permits the taxes thereon to go delinquent for fifteen years and neglects his obligation to pay the taxes thereon, and thereafter conveys the same by quitclaim deed for the nominal consideration of one dollar, the grantee has no special equities that would require a court to exercise a nice discrimination in laying down a rule for the preservation of a just balance between the state and such grantee.

APPEAL from the District Court of the Second Judicial District, for Nez Perce County.   Hon. Edgar C. Steele, Judge.

Action to quiet title.   Judgment for defendant.   *Affirmed.*

Chas. L. McDonald and D. E. Hodge, for Appellant.

"When tax sales are under consideration, a fundamental condition to their validity is that there should have been a substantial compliance with the law in all the proceedings of which the sale was the culmination." (Cooley, Taxation, 3d ed., 912.)

"Proceedings on tax sales are *in invitum,* and to be valid must be *stricti juris.* The power exercised is purely statutory, and the steps directed by statute must be strictly pursued." (*Preston v. Hirsch,* 5 Cal. App. 485, 90 Pac. 965.)

"Recitations in a tax deed do not overcome facts in conflict therewith, as shown by the tax certificate." (*Wilson v. Wood,* 10 Okl. 279, 61 Pac. 1045; *Keller v. Hawk,* 19 Okl. 407, 91 Pac. 778.)

"The second deed cannot overthrow by false recitals the facts or records upon which it is based." (*Rush v. Lewis & Clark County,* 36 Mont. 566, 93 Pac. 943, 37 Mont. 240, 95 Pac. 836; *Kramer v. Smith,* 23 Okl. 381, 100 Pac. 532; Cooley on Taxation, 541, 542, 545; *McGrath v. Wallace,* 116 Cal. 548, 48 Pac. 719.)

"A recital that the tax sale proceedings were had 'in substantial conformity with all the requirements of the statute' is not a recital of facts, and the deeds containing such recitals were held void for failure to recite facts entitling the county to purchase." (*Duncan v. Gillette,* 37 Kan. 156, 14 Pac. 479; *Moore v. Harris,* 91 Mo. 616, 4 S. W. 439; *Bender v. Dugan,* 99 Mo. 126, 12 S. W. 795; *Henderson v. White,* 69 Tex. 103, 5 S. W. 374; *Brown v. Hartford,* 173 Mo. 183, 73 S. W. 140.)

While all tax sales were made to the county and certificates issued to it, no assignment of same was made by county to respondent.

"A tax deed issued without a seal is void." (*Deputron v. Young,* 134 U. S. 241, 10 Sup. Ct. 539, 33 L. ed. 923; *Reed v. Morse,* 51 Kan. 141, 32 Pac. 900; *Larson v. Dickey,* 39 Neb. 463, 42 Am. St. 595, 58 N. W. 167; *Hiles v. Atlee,* 90 Wis. 72, 62 N. W. 940; *Spear v. Ditty,* 9 Vt. 282; *Howard v. Heck,* 88 Mo. 465; *Callahan v. Davis,* 125 Mo. 27, 28 S. W. 162.)

"Certificates showing sale made for wrong amount void." (*Hubbell v. Campbell,* 56 Cal. 527; *Grimm v. O'Connell,* 54 Cal. 522; *Simmons v. McCarthy,* 118 Cal. 622, 50 Pac. 761; *Treadwell v. Patterson,* 51 Cal. 638; Cooley, Taxation, 3d ed., 955.)

There is an utter failure to recite in either the certificate or the deed the facts required by sec. 1539, Rev. Stats. 1887, as a condition precedent to a sale to the county for taxes. (*Rush v. Lewis & Clark County* (Mont.), *supra; De Frieze v. Quint,* 94 Cal. 653, 28 Am. St. 151, 30 Pac. 1; *Ludden v. Hensen,* 17 Neb. 354, 22 N. W. 766; *Hughes v. Cannedy,* 92 Cal. 382, 28 Pac. 573; *Anderson v. Hancock,* 64 Cal. 455, 2 Pac. 31; *Babbitt v. Johnson,* 15 Kan. 252; *Larkin v. Wilson,* 28 Kan. 513; *Kramer v. Smith,* 23 Okl. 381, 100 Pac. 532; *Dyke v. Whyte,* 17 Colo. 296, 29 Pac. 128.)

Eugene A. Cox, for Respondent.

The respondent and his grantor have paid the taxes from 1895 to the commencement of this suit and the appellant has never paid one cent of taxes. (*Oakley v. Hurlbut,* 100 Ill. 204; *Bacon v. Rice,* 14 Ida. 107, 93 Pac. 511.)

Plaintiff has stipulated that all of the acts necessary to a sale of this property were legally performed; that all of the safeguards for the protection of the property owner provided by law were duly observed. He has admitted all of the facts necessary to constitute a valid tax title; his objections for the most part go only to the record of the facts made by the officers.

In construing revenue laws, the court is compelled to regard the purposes for which they were enacted. (1 Cooley, Taxation, 3d ed., 452; Rev. Codes, sec. 1788.)

The defendant has invested by way of taxes, redemptions, costs and penalties, in the premises in controversy nearly a thousand dollars. The whole investment of plaintiff as disclosed by the record is one dollar. Under such circumstances plaintiff has no standing in a court of equity, and his action is, on the face of it, purely speculative and inequitable. (*Jencks v. Quidnick Co.,* 135 U. S. 457, 10 Sup. Ct. 55, 34 L. ed. 200.)

SULLIVAN, C. J.—This action was brought to quiet the title in the appellant to the W. ½ of the N. W. ¼ and the

E. ½ of the N. E. ¼ of Sec. 27, Tp. 32 N., R. 2 West, B. M., in Nez Perce county.

· The answer denied appellant's title to said land and claimed title in the defendant by virtue of certain tax deeds, and also by adverse possession, but asked for no affirmative relief. Subsequently there was filed an agreed stipulation of the facts in the case. The case was argued to the court upon the stipulated facts and submitted for decision. The court thereafter made findings in support of the affirmative defenses in the answer and entered a decree denying the prayer of the complaint and refusing to quiet the title to said land in the plaintiff. This appeal is from the judgment.

The land in controversy was patented September 19, 1890, to Charles F. Graham. Graham, on October 30, 1890, conveyed the same to R. P. Mudge, and Mudge and his wife on April 13, 1896, conveyed the same to Willis B. Reed. On July 12, 1909, Reed and his wife, in consideration of one dollar, quitclaimed said land to the appellant Stewart.

It is stipulated that said land was subject to taxation from 1895 to 1909. The taxes were not paid and went delinquent, and the land was sold for taxes and purchased by the county for the years 1895 to 1899, inclusive. During the years 1900 and 1901, the taxes went delinquent but the land was not sold, the previous certificates being then held by the county and the delinquent taxes being extended in red ink on the roll as provided by law. In 1902 respondent White purchased of the county five tax sale certificates and paid the delinquent taxes and received assignments of the certificates and tax deeds for the property from the proper officer, which deeds were promptly recorded; and additional deeds were executed to him in 1904 and 1909. From 1902 to 1909, inclusive, respondent White paid all taxes assessed upon the premises. From 1895 to 1909, inclusive, Willis B. Reed and his wife, the grantors of the plaintiff, were nonresidents of the state of Idaho, and during that period the premises were uninclosed and Reed was never in actual possession thereof nor did he pay or offer to pay any taxes thereon. Immediately after acquiring title in 1902, respondent White went

upon the premises and thereafter visited the same year after year to see that no timber depredations were committed, and at the time of trial had constructed a fence which joined the fences of adjacent owners and inclosed the premises. White has paid all taxes assessed upon said land for fifteen years, from 1895 to 1909, both years inclusive. After White had paid the taxes on said land for fourteen years and had claimed under his tax deeds for seven years, appellant Stewart purchased the rights of Reed, the former owner of the premises, for one dollar consideration named in the deed, and instituted this action to quiet his title. He made no tender of and has not repaid any of the taxes paid by White. That fact, however, has no particular bearing in the case, as the trial court, as a court of equity, could require that to be done before, granting plaintiff any relief.

The stipulated facts practically leave but one question for decision, and that question is whether the form of tax certificates showed that Nez Perce county was a competitive bidder at the tax sale, thus rendering the certificates void.

The form of the tax certificates is identical with those that this court had under consideration and held valid in the case of *Bacon v. Rice,* 14 Ida. 107, 93 Pac. 511, except in that case the tax claimant had paid taxes for only nine years, during which time the original owner had maintained some kind of possession; while in the case at bar, the respondent and defendant paid the taxes for fifteen years, during which time the alleged owner of the property utterly abandoned all of his claims, and these claims are now sought to be enforced by the appellant, who is evidently a speculative purchaser. In the Bacon case the court held the tax certificate sufficient.

It does not affirmatively appear from said tax certificates that the county was a competitive bidder at said tax sale, and the presumption is that the officer did his duty and complied with the law in making said sales; that there was no purchaser at said sale who would take said land and pay said taxes, and that the land was therefore offered for sale and struck off to the county. It is contended by counsel for appellant that the certificates fail to show the circumstances or the con-

ditions precedent necessary to a sale to the county for taxes, and that the description of the land is inadequate to show what land was attempted to be sold. There is nothing in those contentions. The description is amply sufficient, and the conditions precedent are sufficiently shown in the certificates. From the stipulated facts and the evidence introduced on the trial, it clearly appears that the tax deeds issued to the respondent are amply sufficient to convey the title and do convey it.

It was held, in effect, in *Couts v. Cornell,* 147 Cal. 560, 109 Am. St. 168, 82 Pac. 194, that there is an enforceable obligation to pay a general annual tax, which in a sense is legal as well as moral; and a lien therefor is established by law irrespective of the irregularities or informalities of the assessment. Even if there were some informalities in the assessment or collection of the taxes upon said land, those were all cured by the provisions of sec. 1788, Rev. Codes, which section is as follows:

"No assessment, or act relating to assessment, or collection of taxes is illegal on account of informality, nor because the same was not completed within the time required by law."

See, also, *White Pine Mfg. Co. v. Morey, ante,* p. 49, 112 Pac. 674, decided at the October, 1910, term of this court.

Cases sometimes arise in which the court of equity is required to exercise a nice discrimination in laying down a rule which will preserve a just balance between the state and the individual citizen. The case at bar, however, involves the exercise of no particular discretion on the part of the court, as there are no equities involved in favor of the plaintiff. It appears that the owner of the real estate involved in this suit abandoned the property for fifteen years and neglected his obligation to the state to pay the taxes imposed thereon, and apparently abandoned the same until the appellant in this suit procured a quitclaim deed for the land involved, for the nominal consideration of one dollar. The record shows that the respondent is the holder of five tax certificates and five tax deeds, and has paid the taxes for

fifteen years, and the period of redemption on all of the tax sale certificates has long since expired.

No sufficient error appearing in the record to warrant a reversal of the case, the judgment is affirmed, with costs in favor of respondent.

Ailshie, J., concurs.