(December 31, 1910.)

## S. R. H. McGOWAN and GEORGE G. PICKETT, Respondents, v. D. S. ELDER, Appellant.

[113 Pac. 102.]

Tax Sale—Certificate of Sale—Validity—Tax Deed—Recitals—Validity.

(Syllabus by the court.)

1. Rev. Codes, sec. 1759, which provides, among other things, "after receiving the amount of taxes and costs, the collector must make out in duplicate a certificate dated on the day of sale," is directory, and is substantially complied with, and the tax sale certificate when dated on the day subsequent to the day of sale is not void.

2. Where it appears that real property offered at a tax sale has been legally assessed, and the sale legally made, and the purchaser is entitled to a tax sale certificate, the fact that the auditor in issuing such tax certificate dates the same subsequent to the date of the tax sale does not render such tax certificate void, as a substantial compliance with the statute is sufficient.

3. Where a tax sale certificate, among other things, recites, "and that unless redeemed within three years from the date of sale, the purchaser will be entitled to a deed," and the deed thereafter issued among other things recites, "And whereas no person has redeemed the property so sold during the time allowed by law for its redemption, and it appearing that G. G. Pickett was on the 10th day of July, 1907, entitled to a deed for the premises so sold as above set forth," the language thus used in the deed is a substantial compliance with the language used in the certificate, and sufficiently states that the property has not been redeemed, and that the holder of the certificate of sale is entitled to a deed therefor.

4. The fact that the county auditor in issuing a tax deed recites the amount for which the property was sold, and adds to such amount one dollar for auditor's and collector's fees, in a case where the property is sold to the county, does not render the tax deed thus issued void, notwithstanding the fact that the auditor is not authorized to make the charge of one dollar for fees where the sale is made to the county.

5. Where property is the subject of taxation, and the assessment has been legally made, and there is a default in the payment of such taxes, and the property is sold at tax sale in accordance with the pro-

visions of the statute, such property cannot thereafter escape taxation through some failure of the officer to perform his duty unless it has actually misled the party to his injury.

6. A tax deed which recites "that at said auction, there being no bidder, Latah county, state of Idaho, by virtue of law, became the purchaser of said land, or lot, for the taxes, costs and charges due thereon, which taxes, costs and charges amounting to $11.33," states substantially the same thing as is stated in the certificate of tax sale, wherein it is recited "the property was struck off to the said Latah county, who paid the full amount of said taxes, penalties, costs and charges," and such deed is not void.

7. Where a certificate of tax sale contains the assignment thereof in the following language, "Sold to G. G. Pickett this 1st day of February, 1907, Axel P. Ramsted, Auditor, by G. F. Walker, Deputy," and the deed thereafter issued recites, "And whereas the said Latah county, state of Idaho, under and by virtue of the laws of the state of Idaho, has sold its Certificate of Sale No. 487, and all its rights thereunder, unto the said party of the second part, as appears from said certificate of sale and assignment thereof now on file in the tax collector's office in said county," such recital in the deed in substance contains the same matter as is covered by the indorsement, and clearly shows the assignment by the county, and to whom, and such deed is not void because it does not contain an exact copy of the indorsement of the assignment upon the certificate.

8. Where it is admitted or proven that property is subject to taxation, and correctly and legally assessed, and that such assessment is not paid, and that the property was sold for such delinquent taxes in accordance with law, and the owner neglects to pay subsequent assessments made against said property prior to the expiration of the statute limiting the period of redemption, and a tax deed is thereafter issued to the purchaser, or assignee of the purchaser, such deed will not be set aside on the ground that the officer issuing the same did not strictly follow the language of the statute in reciting in such deed the literal language used in the tax sale certificate, as a substantial compliance with the statute is sufficient.

APPEAL from the District Court of the Second Judicial District of the State of Idaho, in and for Latah County. Hon. Edgar C. Steele, Judge.

Action to quiet title. Judgment for plaintiffs. Defendant appeals. *Affirmed.*

Morgan & Morgan, for Appellant.

The tax deed must contain substantially the matters contained in the tax sale certificate. (Secs. 1763, 1764, Rev. Codes; *De Frieze v. Quint,* 94 Cal. 653, 28 Am. St. 151, 30 Pac. 1; *Anderson v. Hancock,* 64 Cal. 455, 2 Pac. 31; *Hughes v. Cannedy,* 92 Cal. 382, 28 Pac. 573; *Grimm v. O'Connell,* 54 Cal. 522.)

A tax deed which shows as part of its consideration an item not provided for by law is void. (Sec. 1752, Rev. Codes; *Simmons v. McCarthy,* 118 Cal. 622, 50 Pac. 761; *Moon v. Salt Lake County,* 27 Utah, 435, 76 Pac. 222.)

A tax deed based upon a consideration less than the cost of redemption and less than the officers were authorized to accept is void. (Sec. 1774, Rev. Codes; *Douglass v. Lowell,* 60 Kan. 239, 56 Pac. 13; *Wilks v. De Hart,* 78 Kan. 217, 95 Pac. 836.)

If the error results from the failure of the officer to compute interest upon some item which should have been included, no matter how small the item be, the failure will, nevertheless, render a deed void. (*Wilks v. De Hart, supra; Troyer v. Beedy,* 79 Kan. 502, 100 Pac. 476.)

G. G. Pickett, for Respondents.

"Substantial compliance with the requirements of law in making assessment is all that is necessary. If property is a subject of taxation, it cannot escape through some technical failure of the officer to perform his duty, unless it has actually misled the party, to his injury." (*Co-operative Savings & Loan Assn. v. Green,* 5 Ida. 660, 51 Pac. 771; *Bacon v. Rice,* 14 Ida. 107, 93 Pac. 511.)

Every defect pointed out, if a defect at all, becomes such, long after defendant Elder's time for redemption had expired. The rule is that the time fixed for redemption is essentially a statute of limitation. (*Meigs v. Roberts,* 162 N. Y. 371, 76 Am. St. 322, 56 N. E. 838; *Milledge v. Coleman,* 47 Wis. 184, 2 N. W. 77; Cooley's Const. Lim., p. 533; 27 Am. & Eng. Ency. of Law, 854, and cases stated; *Hewes*

v. McLellan, 80 Cal. 393, 22 Pac. 287; Best v. Wohlford, 153 Cal. 17, 94 Pac. 100.)

The recital of an amount as a consideration in a tax deed less than the amount for which the tax sale was made does not render the deed void. (Jones v. Garden City, 81 Kan. 59, 106 Pac. 997; Kennedy v. Scott, 72 Kan. 359, 83 Pac. 972; Burton v. Carrier, 80 Kan. 696, 103 Pac. 84.)

A tax deed is not rendered void by the fact that the certificate was assigned by the county for slightly less than the amount necessary to redeem, where the discrepancy is occasioned by an error in computation. (Troyer v. Beedy. 79 Kan. 502, 100 Pac. 476; Branstool v. Gibson (Kan.), 107 Pac. 770.)

It is only necessary that the tax deed should recite so much of the proceedings subsequent to the execution of the deed by the tax collector to the state as may be necessary to show that the tax collector was authorized as agent for the state to sell and convey the state's previously acquired right to the property. (County Bank v. Jack, 148 Cal. 442, 113 Am. St. 285, 83 Pac. 705; Flannigan v. Towle, 8 Cal. App. 229. 96 Pac. 507; Couts v. Cornell, 147 Cal. 560, 109 Am. St. 168. 82 Pac. 194; Miller v. Henderson, 50 Wash. 200, 96 Pac. 1053.)

Where the owner of land makes no offer to pay the taxes justly due, equity will not, on account of mere irregularities declare the cancellation of the certificate. (Craig v. Pollock, 5 Dill. 449, Fed. Cas. No. 3335; Wood v. Helmer, 10 Neb. 65, 4 N. W. 968; Hart v. Smith, 44 Wis. 213; MacKinnon v. Auditor, 130 Mich. 552; 90 N. W. 329; 27 Am. & Eng. Ency. of Law, 856, 858.)

STEWART, J.—This is an action to quiet title to a certain tract of land situated in Latah county..

The plaintiffs, respondents here, base their title on a tax sale and tax deed, while the defendant, appellant here, claims title by direct conveyance from one F. C. Smith, to whom said property was assessed, and in whom title rested at the.

time of the tax sale.   The cause was tried and the court found for the plaintiffs.   This appeal is from the judgment.

The appellant contends that the tax sale certificate does not conform to the statute, and will not support the tax deed based thereon.   Second, that the tax deed does not conform to the statute, and therefore did not pass title to the plaintiff. It is stipulated by counsel that the lands in controversy were subject to taxation for state and county purposes for the year 1903, that being the year of the assessment for which said land was sold for taxes, and that all proceedings leading up to the issuance of the tax sale certificate were regular and legal and strictly in conformity to the laws of the state; that said land was regularly and properly assessed to one Frank G. Smith, to whom a patent had been issued by the United States government, and that thereafter said Smith by warranty deed conveyed said land to the defendant in this action.   It further appears that said land was purchased at such tax sale by Latah county, and a certificate of sale issued to said county, dated July 19, 1904, and thereafter on February 1, 1907, assigned to plaintiff, George G. Pickett, to whom the tax deed was issued, dated July 15, 1910.

First, as to the certificate of tax sale.   It seems that the tax sale was held July 8th, 1904, and the tax certificate dated July 9th, 1904, and because the tax certificate is not dated on the date of sale, counsel for appellant contends that the certificate is void.   Rev. Codes, sec. 1759, provides that "after receiving the amount of taxes and costs, the collector must make out in duplicate a certificate dated on the day of sale." This provision is directory, and not mandatory, and the mere fact that the certificate is not dated on the same day the sale was made   does not render such tax certificate void.   Rev. Codes, sec. 1788, provides, "no assessment or act relating to assessment or collection of taxes is illegal on account of informality, or because the same was not completed within the time required by law."   If the property offered at the tax sale has been legally assessed, and the sale legally made, the purchaser is entitled to a tax sale certificate, and the fact that the auditor in issuing such tax certificate dates the same

subsequent to the tax sale does not render such tax certificate void. A substantial compliance with the statute is sufficient. (*White Pine Mfg. Co. v. Morey, ante,* p. 49, 112 Pac. 674; *Stewart v. White, ante,* p. 60, 112 Pac. 677.) In all other respects the tax certificate conforms to the statute.

Second, as to the tax deed. It is contended that the tax deed is void because it fails to follow the recitals of the tax sale certificate. The tax sale certificate among other things recites, "and that unless redeemed within three years from the date of sale, the purchaser will be entitled to a deed." Instead of this language being copied into the deed, the following language appears: "And whereas, no person has redeemed the property so sold during the time allowed by law for its redemption, and it appearing that G. G. Pickett was, on the 10th day of July, 1907, entitled to a deed for the premises so sold, as above set forth." From this it is argued that the deed does not state that the property was not redeemed within three years from the date of sale, but merely alleges as a conclusion of law that the property was not redeemed during the time allowed by law for its redemption. Rev. Codes, sec. 1763, provides: "Reciting in the deed substantially the matters contained in the certificate, and that no person redeemed the property during the time allowed by law for its redemption."

While it is true that the language used in the deed does not specifically follow the language of the certificate, to recite that the property was not redeemed within the time allowed by law for its redemption, yet the language does say that no person redeemed the property, and that Pickett was, on the 10th day of July, entitled to a deed for such premises. This is a substantial compliance with the statute, and is a sufficient statement that the property was not redeemed within the time allowed by law for its redemption. (*Co-op. Assn. etc. v. Green,* 5 Ida. 660, 51 Pac. 771; *White Pine Mfg. Co. v. Morey, ante,* p. 49, 112 Pac. 674; *Best v. Wohlford,* 153 Cal. 17, 94 Pac. 98; *Stewart v. White, ante,* p. 60, 112 Pac. 677.)

It is also contended that the tax deed is void for the reason that it does not follow the recital of the tax certificate in the

following respects: The tax certificate contains this language: "That at said auction . . . . was the highest bidder who was willing to take the least quantity or smallest portion of the interest in said land, and pay the taxes, penalties, costs and charges due thereon, with taxes, penalties, costs and charges, including fifty cents for this certificate, amounting to $11.33," and then follows a detailed and specific statement of the amount of the state and county taxes, penalties, and the cost of publication, making a total of $11.33. While the tax deed recites, "that at such auction, there being no bidder, that Latah county, state of Idaho, by virtue of the law, became the purchaser of said land or lot, for the taxes, costs and charges due thereon, which taxes, costs and charges amounting to $11.33, together with $1.00 for auditor's and collector's fees, total being $12.33."

The fact that in issuing the tax deed the auditor recited the amount for which the property was sold, and added $1.00 for auditor's and collector's fees, when the law did not permit the tax collector to make a charge for the duplicate certificate when the county was a purchaser, did not render the tax deed void. In the case of *Co-op. Assn. etc. v. Green, supra,* this court said: "If property is a subject for taxation, it cannot escape through some technical failure of the officer to perform his duty, unless it has actually misled the party to his injury." That the property involved in this case was subject to taxation is admitted, and that the assessment and sale were regular and in accordance with law is also admitted, and the tax deed cannot be defeated upon the ground that the officer recited therein that a charge had been made for a duplicate tax certificate when the sale was made to the county, when no such charge is allowed by law. This could in no way mislead the appellant.

It is also claimed that the tax deed is void for the reason that it does not contain the following recital in the certificate: "The property was struck off to said Latah county, who paid the full amount of taxes, penalties, costs and charges." Now, the tax deed states that the land was sold to Latah county for the sum of $11.33, without stating that the county paid

the full amount of said taxes, penalties, costs and charges. Referring, however, to the tax deed, we find this language: "That at said auction, there being no bidder, Latah county, state of Idaho, became the purchaser of said land or lot, for the taxes, costs and charges due thereon, which taxes, costs and charges amounting to $11.33." This certainly in substance states the same thing as contained in the tax sale certificate, and is a sufficient recital and a substantial compliance with the statute.

It is also urged that the tax deed is void for the reason that it does not contain a copy of the assignment of the certificate of tax sale from Latah county to George G. Pickett, to whom such tax deed was issued. The assignment of the tax certificate shows that the same was sold by the county to G. G. Pickett, the indorsement being in the following language: "Sold to G. G. Pickett, this 1st day of February, 1907. Axel P. Ramsted, Auditor, by G. F. Walker, Deputy." Rev. Codes, sec. 1774, authorizes the sale of tax sale certificates, and authorizes the auditor to indorse upon the same the following: "Sold to —— this —— day of ——, ——," and requires him to sign such indorsement. This indorsement was sufficient under the statute to transfer said certificate to Pickett. The tax deed recites, "and whereas the said Latah county, state of Idaho, under and by virtue of the law of the state of Idaho, has duly sold its Certificate of Sale No. 487, and all of its rights thereunder, unto the said party of the second part, as appears from said certificate of sale and assignment thereof, now on file in the tax collector's office in said county." It will thus be seen that while the deed does not contain a copy of the assignment as indorsed upon the certificate of sale, yet the deed does state that the county has sold the certificate of sale, and all rights thereunder, to the party of the second part, as appears from said certificate of sale and assignment thereof, now on file in the tax collector's office in said county.

It clearly appears from this language that the county was not entitled to the deed, and that the interests of the county had all been transferred to Pickett, and that such transfer

clearly divested the county of any interest in and to said property, and that Pickett was entitled to a tax deed upon the expiration of the period of redemption.

It is also argued that the tax deed is void for the reason that it does not recite the correct amount paid by Pickett to the county for the assignment of the tax sale certificate, it being contended that the deed should state the total amount due at the time the tax sale certificate was assigned, which not only included the sum at which such property was sold to the county, but also the accumulated interest on such sum, up to and including the date of such assignment. The statute however, does not require any such recital in the deed. It only requires that the deed shall contain the recitals contained in the certificate, which recitals relate to the time of the making and issuing of such certificate, and in this instance the deed does state the amount due the county for taxes at the date of sale, and for which sum the property was sold to the county, and it was not necessary to state in the deed the amount paid by the assignee of the certificate at the time the assignment was made by the county.

In this connection it is also contended that the auditor made a mistake in calculating the amount due the county at the time of the assignment of the tax sale certificate to Pickett, in not calculating interest upon the item of twenty-five cents, charged as cost of publication, which, as counsel figure, would amount to eight cents. A sufficient answer to this contention rests in the fact that the tax deed will not be held void because of a slight clerical error made by the auditor in calculating the interest due at the time of the assignment of the tax certificate. The appellant in this case could have been in no way injured by such error. This error occurred long after the period for redemption had expired, and long after the appellant's rights had terminated.

In connection with the various objections that have been made to the tax certificate and deed, it is proper to observe that the appellant, notwithstanding these objections, admits that the property involved was subject to taxation, that it was correctly and legally assessed, and for the amount charged

against such property, and that such assessment was not paid, and that the property was sold legally and strictly in accordance with law, for such delinquency. It also further appears that after said property was sold for the 1903 delinquency, the appellant did not pay the subsequent assessments made for the subsequent years between that date and the commencement of this action, and that the respondents did pay such assessments.

Under such circumstances it would be highly inequitable to now permit the appellant to have the tax deed set aside upon the sole and only ground that the officer issuing the tax certificate and tax deed did not strictly follow the language of the statute, when such acts in no way affected the substantial rights of the appellant. (*White Pine Mfg. Co. v. Morey,* ante, p. 49, 112 Pac. 674; *Co-op. etc. Assn. v. Green,* 5 Ida. 660, 51 Pac. 771; *Stewart v. White,* ante, p. 60, 112 Pac. 677; *Bacon v. Rice,* 14 Ida. 107, 93 Pac. 511; *Miller v. Henderson,* 50 Wash. 200, 96 Pac. 1053; *Couts v. Cornell,* 147 Cal. 561, 109 Am. St. 168, 82 Pac. 194.)

We find no error in the record, and the judgment is *affirmed.* Costs are awarded to respondents.

Sullivan, C. J., and Ailshie, J., concur.