(No. 5597.   December 31, 1930.)

ALVIN A. STEEL, LILLY A. LOVELAND and HARRY O. STEEL, Respondents, v. L. A. BLUNCK and AMERICAN SURETY COMPANY OF NEW YORK, a Corporation, Appellants.

[295 Pac. 426.]

C. S. Hunter, for Appellant Blunck.

Richards & Haga, for Appellant American Surety Company.

John C. Rice, for Respondents.

BRINCK, District Judge.—The executor under the will of John Steel, deceased, brings this action to recover payment for apples delivered by said deceased to the defendant Blunck, and joins as party defendant the American Surety Company which had duly executed a bond for defendant Blunck as a farm produce dealer under the provisions of 1927 Sess. Laws, chap. 236. From a judgment in favor of the respondents here, substituted for the original plaintiff, and against both defendants, the defendants appeal.

The apples were delivered by Steel to Blunck under an oral modification of a written contract. The original contract, despite some equivocal language used in it, was by all parties hereto conceded to be a contract for the purchase by Blunck of the apples. Later on, the apples being found defective and Blunck having objected to paying the agreed price for them, Steel agreed and said to Blunck, "You sell them and give me what you can get." The trial court found that by the modification the contract was changed from one of purchase and sale to one whereby Blunck was to sell the apples on commission.

The appellant American Surety Company, contending that the modification of the contract did not change it from one of purchase and sale but only altered the price agreed to be paid, insists that the statute does not apply to a transaction of purchase and sale but only to a brokerage or commission transaction; and that even if the agreement as modified was for a brokerage transaction Blunck was to act without compensation and that therefore the transaction was not within the scope of the statute.

Chapter 236, Sess. Laws 1927, provides for the licensing of farm produce dealers, brokers and commission merchants, and requires any such person to furnish a bond for the benefit of any and all consignors having any cause of action against him, conditioned among other things for the faithful performance by the broker, dealer or commission merchant of all his duties. Section 2 of said act is as follows:

"Sec. 2. A farm produce broker, farm produce dealer, or farm produce commission merchant, within the meaning of

this act is any person who shall contract to purchase, or who shall handle for compensation or promise thereof, for the purpose of resale or sale or who shall handle on account of or as an agent for another, any farm produce as herein defined, or who sells or offers for sale, who buys or offers to buy, negotiates or offers to negotiate the sale or purchase of fruits, vegetables and products of the apiary or any interest therein, either directly or indirectly. The provisions of this act shall not apply to any person who grows or produces farm produce, or purchases farm produce for his own use, nor to any person, who, being the owner of such farm produce, sells, exchanges, or otherwise disposes of it, for his own account, nor to any person who makes purchase of such farm produce for the purpose of retail sale and who does resell such farm produce in less than carload lots and in the retail trade, nor to any person who purchases for cash and makes immediate payment in full upon delivery.''

Unless Blunck in this transaction acted as a broker, he was a person who contracted to purchase, and who bought for resale in carload lots, produce of the class described in the act, without making immediate payment upon delivery. On the other hand, if he was to act merely as broker, we think that under elementary principles, an agreement for compensation was implied from the request of deceased that Blunck perform the service of selling the apples for him. In either case we see no basis for the contention that the transaction is not within the statute.

The appellant American Surety Company suggests that the statute is unconstitutional if construed to apply to an outright purchase and sale; but points out no respect in which it would be unconstitutional and cites no authorities, in this connection, and we are assuming that the statute is valid.

The only contention of the appellant Blunck is that the evidence fails to show nonpayment of the amount received by Blunck for the apples. The plaintiff introduced in evidence a statement which at plaintiff's request Blunck had caused to be prepared by his bookkeeper and furnished to plaintiff, showing the net amounts received for the apples

in question; and testimony of the bookkeeper that no checks were issued on account thereof. We fail to discover any insufficiency of evidence on this point.

The judgment of the trial court is affirmed. Costs are awarded to respondents.

Givens, C. J., and Lee, Varian and McNaughton, JJ., concur.

Petition for rehearing denied.