(No. 5550. February 26, 1931.)

RAY C. EBERHARD, Appellant, v. ORREN PURCELL et al., Respondents, and RAY C. EBERHARD, Appellant, v. LAKE SHEEP COMPANY, a Corporation, et al., Respondents.

[296 Pac. 593.]

Frank D. Ryan, Oppenheim & Lampert and E. O. Smith, for Appellant.

George Donart, Ed. R. Coulter, McElroy & Chalfant, Frawley & Barnes and H. O. Welker, for Respondents.

GIVENS, J.—Prior to 1922, the Crane Creek and Sunnyside Irrigation Districts were separately organized, and in 1923 were consolidated as the Washington County Irrigation District.

Appellant claims title to certain lands in each original district by delinquent district assessment foreclosure proceedings. Two suits to quiet title brought herein involving the tracts in the respective districts, were consolidated for trial and appeal, and are disposed of by this one opinion.

Because of the 1922 delinquent assessments, the several properties described in the complaint were duly and legally advertised for sale on September 4, 1923, in compliance with C. S., sec. 4391, amended chap. 227, Sess. Laws 1921, and chap. 128, Sess. Laws 1925.

At the time and place of sale specified no bidders appeared, and though certain directors, and officers of the two districts were present, no sale was actually conducted, no entries made in the districts' books, and no delinquency certificates issued or recorded. This condition remained static until February 14, 1928, when appellant, with coupons from certified bonds of the districts purchased delinquency cer-

tificates issued that day, based as on a sale of September 4, 1923, and thereby received tax deeds February 17, 1928, and bases his claim of title thereon.

All respondents contest such title, urging there was no valid sale, and defend their refusal to tender into court the amount paid by appellant for the certificates, demanded by him under C. S., sec. 1402A, Sess. Laws 1925, p. 181, on the ground that said statute and C. S., sec. 4401, Sess. Laws 1925, p. 180, authorizing payment for delinquency certificates with interest coupons from the districts' bonds are unconstitutional.

Respondent Union Central Life Insurance Co., contends that the refunding bonds were in certain particulars illegal and improperly disposed of, and that the complaint herein, stating these bonds were issued to refund and "for other purposes" admitted their invalidity.

This respondent by its answer claimed as owner "The Northeast quarter (SE. $\frac{1}{4}$) of the Northwest quarter (SW. $\frac{1}{4}$) of Section nineteen (19) township Eleven (11) North range Three (3) West of the Boise Meridian."

From a careful examination of the transcript and exhibits we do not find this hybrid description referred to in any tax proceedings in the Crane Creek Irrigation District suit, the one to which this respondent was a party, or that section 19 is involved in such tax proceedings, hence we do not quite know or understand how this respondent is affected by or may claim rights in this suit, but assuming that somehow it is in the case, we proceed.

In the other suit, appellant complains because the trial court held (Finding XV), that the Northeast quarter and Southeast quarter of the Northeast quarter of Section 12, Township 10 North, Range 5 West B. M., claimed by G. P. Mendenhall (mentioned by respondents in their brief, page 13, as C. D. Mendenhall, whom, we assume, is the same party), were not in the Irrigation District, appellant however referring in his brief, page 17, to this land as the

NW. ¼ of the SE. ¼ and the NE. ¼ of the NW. ¼ of Sec. 7, Township 11, Range 4 west of Boise meridian.

We do not find the first description referred to, mentioned in the tax proceedings in the second suit, to which Mendenhall by his answer was a party, so it would seem such land could not be affected by these proceedings, and that in the absence of further explanation, the result attained by the court's decree in this particular was correct, though not on the ground specified therein.

Considering the real substance of the appeal, the trial court found there was no sale of the land. Appellant however urges that the tax deeds were *prima facie* evidence, of all essential steps, and that ministerial, not jurisdictional mistakes or omissions in the foreclosure of property for delinquent assessments, if the property owner has not been prejudiced thereby, will not avoid such deeds, citing: *Armstrong v. Jarron,* 21 Ida. 747, 125 Pac. 170; *Bacon v. Rice,* 14 Ida. 107, 93 Pac. 511; *Stewart v. White,* 19 Ida. 60, 112 Pac. 677; *Co-operative Sav. & Loan Assn. v. Green,* 5 Ida. 660, 51 Pac. 770; *White Pine Mfg. Co. v. Morey,* 19 Ida. 49, 112 Pac. 674; *McGowan v. Elder,* 19 Ida. 153, 113 Pac. 102; *Williams v. Caldwell,* 19 Ida. 514, 114 Pac. 519; *Parsons v. Wrble,* 21 Ida. 695, 123 Pac. 638; C. S., sec. 4394.

Conceding such to be the law, the land owners herein were prejudiced, because, no sales were had, no entries made in the books, no certificates issued or filed in the County Recorder's office as required by C. S., sec. 4393, at the time or until February, 1928. Thus prior to 1928, there was nothing to indicate to the land owner or anyone else that these lands had been sold, certificates issued or anything else done as an attempt by the district to enforce the payment of delinquent assessments.

Under certain circumstances ministerial acts may be performed after the specified time (*Standrod v. Terrell,* 24 Ida. 365, 375, 133 Pac. 651; *Quirk v. Diana Mines Co.,* 34 Ida. 30, 198 Pac. 672), but no certificate could issue unless there had been a sale (C. S., sec. 4392), and while the

deeds were *prima facie* evidence of a sale, positive and undisputed evidence was properly admitted (*Armstrong v. Jarron, supra,* at 761), which proved there was no sale. The trial court had the privilege of believing this testimony.

We need not, and do not hold that if a sale had in fact been held, valid certificates might or might not thereafter have been issued, or that a sale might or might not now be held on the delinquent assessments involved herein (*Armstrong v. Jarron, supra,* at 765), but as specified by the statute a sale must precede a certificate, and these deeds therefore are inoperative. (*Bacon v. Rice, supra,* at 116.) In *Parsons v. Wrble, supra,* there was a sale, but insufficient records; herein there was no sale. If holding the sale be merely a ministerial act, similar to making a certificate, nevertheless it must be performed and in a legal way to give life to the proceedings.

Respondents attack C. S., sec. 4402-A, as unconstitutional because preventing them from entering a court without paying for such privilege, contrary to sections 13 and 18, article 1, of the Constitution of this state. While respondents ingeniously argue that this places a price upon contestant's entry into court to enforce his rights, such argument entirely overlooks the primary liability resting upon the land owner to pay the district assessments. These having been paid by the other party in reliance upon supposedly legal transfers of the title to him, entitles him to be repaid and places no burden upon the land owner other than that which originally and at all times rests upon him, namely, the duty and obligation, though not a personal one, to pay these assessments.

While there might be some question as to the punctuation, we believe the meaning of this statute is clear, and by reason of the exceptions contained therein, if the defense of a party contesting tax titles, comes within one of the three exceptions named, a tender does not have to be made. In other words, if the defense rests on grounds of substance no tender is necessary; if on the other hand such defense is directed only

at some defect in the proceedings, which may avoid the foreclosure thereof but not avoid the liability of the land for the assessments levied, or which should have been levied, a tender is necessary. The substance of this statute and the distinctions recognized by the exceptions, have been declared and approved by this court long before its passage. ' (*Hole v. Van Duzer,* 11 Ida. 79, at 92, 81 Pac. 109; *McGowan v. Pickett,* 19 Ida. 153, 113 Pac. 102; *Armstrong v. Jarron, supra,* at 772; see, also, 37 Cyc. 1497; *Pleasants v. Henry,* 36 Ida. 728, 213 Pac. 565.)

The respondents herein did not bring themselves by pleading or proof within any of the exceptions of the statute.

The confirmations of the organization of the districts and the bond issues, by the district court in previous proceedings, where the disposition of the bonds under the contracts questioned by respondent were considered and passed upon, shown by the exhibits, are *res adjudicata* as to the attack herein made thereon, and such attack is collateral, hence of no avail. (*Progressive Irr. Dist. v. Anderson,* 19 Ida. 504, 114 Pac. 16; *Smith v. Progressive Irr. Dist.,* 28 Ida. 812, 156 Pac. 1133.)

Respondents do not by argument or citation of authority substantiate their claim that C. S., sec. 4401, Sess. Laws 1925, p. 180 (the sale of the certificates was in 1928), is in violation of section 13, article 1, of our state Constitution, or the Fourteenth Amendment of the United States Constitution; hence so far as this action is concerned, we deem it not unconstitutional. (*Steel v. Blunck, ante,* p. 244, 295 Pac. 426.)

The judgment is reversed, and the cause remanded with instructions to sustain the appellant's demurrers and motions to strike to respondents' answers, and objections to respondents' evidence, unless respondents tender into court the amount paid by appellant for the tax certificates; in which event, there being no valid sale, appellant is entitled to receive such money, and decrees should be entered to the effect that appellant has no rights in or to the property by reason

of the tax deeds in question. (*Coghlan v. City of Boise,* 36 Ida. 613, 212 Pac. 867.)

Costs awarded to appellant.

Lee, C. J., McNaughton, J., and Taylor, D. J., concur.

Petition for rehearing denied.